No. 2--04--0950                    filed: 4/11/06

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Stephenson County. |
| Plaintiff-Appellee, | ) ) | No. 04--CF--193 |
| v. | ) ) | |
| DEMETRIUS PRICE, | ) ) | Honorable Charles R. Hartman, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE O'MALLEY delivered the opinion of the court:

Defendant Demetrius Price appeals the trial court's denial, on jurisdictional grounds, of his motion to withdraw his guilty plea. He contends that, even though his motion was filed more than 30 days after sentencing, the trial court was revested with jurisdiction due to the State's failure to object to further proceedings. For the reasons that follow, we affirm.

On July 8, 2004, defendant entered a negotiated plea of guilty to the charge of unlawful possession with intent to deliver between 1 and 15 grams of a substance containing cocaine, a controlled substance, within 1,000 feet of a school. On the same day, the trial court imposed the minimum sentence of six years' imprisonment. On August 13, 2004, the court held a hearing regarding whether defendant should remain within the Department of Corrections, Juvenile Division, or be transferred to the adult section. During the hearing, defense counsel informed the court that "[defendant] filed a motion to withdraw the plea of guilty" because he was "bent out of shape that

the sentence he got was too much."  After some discussion regarding the lenity of defendant's sentence, the following colloquy occurred:

"[TRIAL COURT:]  ***  Now, that doesn't mean that you can't file a motion to withdraw your plea of guilty, although the time may have lapsed.  I don't know but--

[DEFENSE COUNSEL:] I don't know either.

[TRIAL COURT:] It probably didn't, because this was a May case, but since you are talking about a motion to withdraw a plea of guilty, I'll appoint the public Defender's Office to represent you, and you can file the motion.

[DEFENSE COUNSEL:] The court file--

[TRIAL COURT:] Well, actually, according to this thing, it was July 8, but you can file it.

* * *

[TRIAL COURT:] I will let you file it, and we will see if there is some issue."

Though defense counsel referred to defendant already having filed a motion to withdraw his guilty plea, no such motion appears in the record until August 16, 2004, and defendant does not argue on appeal that any motion was made prior to August 13.  The written motion to withdraw the plea filed on August 16 stated that defense counsel spoke with defendant only twice before the plea and never had the chance to discuss any possible defenses to the matter.  The motion noted that defense counsel "convinced" defendant not to plead guilty but defendant demanded to plead guilty as a result of advice he received from his family.

On September 17, 2004, the trial court held a hearing on defendant's motion to withdraw his guilty plea.  At the outset of the hearing, defense counsel informed the court that he had not been provided a transcript of the guilty plea hearing for review, as required by Supreme Court Rule

604(d) (188 Ill. 2d R. 604(d)). Defense counsel also admitted that the motion to withdraw the plea was filed more than 30 days after the date of defendant's plea and sentencing. The trial court advised defense counsel that it did not "know what we do with the issue of it is beyond 30 days" and it noted that it "[did not] have jurisdiction if it is beyond 30 days." The trial judge continued:

"There may not be--I mean, you may analyze it and decide that--I don't know how you get around the 30 day thing, but you may want to analyze it and discuss it with [defendant] and see if there really was something you could have done for him."

The trial court then set the cause for a hearing on September 22. The prosecuting attorney did not participate in any of the discussion of whether the trial court had jurisdiction over the cause.

On September 22, defense counsel informed the trial court that he had "found nothing indicating the Court still had jurisdiction" and that he "believe[d] the only other route for [defendant] to take would be to file a post-conviction motion." The trial court concluded that it did not have jurisdiction, and it dismissed the motion. "[A]s a footnote," the trial court also offered that, notwithstanding its lack of jurisdiction over the motion, it did not see any meritorious grounds in the motion for withdrawing the guilty plea. Again, the prosecuting attorney did not participate in the discussion of jurisdiction. Defendant timely appeals.

Under Rule 604(d), before a defendant may appeal from a judgment on a plea of guilty, he must file a written motion to reconsider the sentence or withdraw the plea in the circuit court within 30 days of the date on which sentence is imposed. People v. Flowers, 208 Ill. 2d 291, 300 (2003). Absent an extension of time granted by the trial court prior to the expiration of the 30-day deadline, that motion must be filed within the 30-day period specified by the rule. Flowers, 208 Ill. 2d at 300. The filing of a Rule 604(d) motion is a condition precedent to an appeal of a plea of guilty. Flowers, 208 Ill. 2d at 300-01. On appeal, defendant concedes that his motion to withdraw his guilty

plea was filed beyond the 30-day time limit contained in Rule 604(d). Thus, we are precluded from considering defendant's appeal of his conviction on its merits. Flowers, 208 Ill. 2d at 301.

Defendant's principal argument is that, even though his motion to withdraw his guilty plea was filed more than 30 days after sentencing, the trial court was revested with jurisdiction on August 13 or 16 due to the State's failure to offer an objection based on the trial court's lack of jurisdiction. Where more than 30 days have elapsed since sentence was imposed and the trial court has not extended the limitations period, the trial court is divested of jurisdiction to entertain a defendant's motion to vacate the judgment or reconsider the sentence pursuant to Rule 604(d). Flowers, 208 Ill. 2d at 303. However, according to defendant's theory, the State's acquiescence extended the 30-day limitation so that the trial court had jurisdiction to consider his motion, and so that we have jurisdiction to consider his subsequent appeal.

Under the revestment doctrine, it is said that "litigants may revest a court which has general jurisdiction over the matter with both personal and subject matter jurisdiction over the particular cause after the 30-day period following final judgment during which post-judgment motions must ordinarily be filed." People v. Kaeding, 98 Ill. 2d 237, 240 (1983). The doctrine applies where "the parties *** actively participate without objection in proceedings which are inconsistent with the merits of the prior judgment." Kaeding, 98 Ill. 2d at 241. It has been stated that the rationale behind the revestment doctrine is that the trial court considers the benefitting party to have ignored the judgment and started to retry the case (Wilkins v. Dellenback, 149 Ill. App. 3d 549, 555 (1986)), the benefitting party by its conduct consents to have the prior ruling set aside (Sears v. Sears, 85 Ill. 2d 253, 260 (1981)), or that the benefitting party by its conduct waives the right to question the jurisdiction of the court (Ridgely v. Central Pipe Line Co., 409 Ill. 46, 50 (1951)).

In <u>Flowers</u>, the supreme court rejected a defendant's argument that, even though his motion to withdraw his guilty plea was untimely filed, the trial court should have regained jurisdiction due to the State's failure to raise a jurisdictional objection. <u>Flowers</u>, 208 Ill. 2d at 303. The supreme court held:

>"That the trial court had lost jurisdiction to consider [the defendant's] overdue Rule 604(d) motion was not raised by the State when the motion was filed and considered. The absence of such an objection, however, did not give the trial court the authority to proceed. Lack of subject matter jurisdiction is not subject to waiver [citation] and cannot be cured through consent of the parties [citation]."

This holding raises some questions regarding the "continued vitality" (<u>Kaeding</u>, 98 Ill. 2d at 241) of the revestment doctrine. On the other hand, there would seem to be some question whether the supreme court would overturn the revestment doctrine without using the word "revestment."

We note that the revestment doctrine has not always been articulated, as it was in <u>Kaeding</u>, as an exception to the general rule that a party may not waive or acquiesce to a court's lack of subject matter jurisdiction. Tracing the roots of the doctrine back to <u>Grand Pacific Hotel Co. v. Pinkerton</u>, 217 Ill. 61 (1905), cited in <u>Kaeding</u>, we find that the doctrine at one point allowed a party's acquiescence to revest a court with only personal, and not subject matter, jurisdiction. See <u>Pinkerton</u>, 217 Ill. at 84, quoting <u>Herrington v. McCollum</u>, 73 Ill. 476, 479 (1874) (" 'The court unquestionably had jurisdiction of the subject matter of litigation; and it has never been questioned that parties may so far control jurisdiction over their own persons, in such a case, as to confer upon the court the right to proceed, by voluntarily entering an appearance' "). This previous formulation, of course, is consistent with the maxim that a party may not waive an objection to subject matter jurisdiction. That said, however, we must leave open the question of whether, and to what extent, the

revestment doctrine survives the supreme court's decision in <u>Flowers</u>, because, even assuming the revestment doctrine as articulated in <u>Kaeding</u> remains the law in Illinois, and even setting aside the supreme court's decision in <u>Flowers</u>, the doctrine is of no avail to defendant under the facts of this case.

Defendant notes that the prosecutor did not object on jurisdictional grounds during the hearings on defendant's motion to withdraw his plea. However, as stated, the revestment doctrine applies only where the party who would benefit from the court's lack of jurisdiction participates "in proceedings which are inconsistent with the merits of the prior judgment." <u>Kaeding</u>, 98 Ill. 2d at 241. None of the proceedings regarding defendant's motion were inconsistent with the merits of the prior judgment. As evidenced by the excerpts above, the trial judge asserted a lack of jurisdiction during both hearings, and the defense itself agreed. Even though the trial court did refer at some points to the merits of defendant's claim, it did so only after noting that defendant's motion was untimely and beyond the court's jurisdiction. Because the trial court and defense counsel themselves asserted the trial court's lack of jurisdiction, it became unnecessary for the prosecutor to offer a jurisdictional objection.

Defendant also argues that the trial judge's telling him on August 13 that he could file a motion to withdraw his guilty plea amounted to the judge's offering an extension of the time to file a postplea motion. However, any extension of time granted by the trial court must be granted prior to the expiration of the 30-day deadline (<u>Flowers</u>, 208 Ill. 2d at 300), and the August 13 hearing was held more than 30 days after defendant's sentence was imposed. Therefore, even assuming that the trial court intended to extend the 30-day time limit for defendant's filing a postplea motion, such an extension would have been ineffective.

Defendant argues that we must remand this cause because the trial court expressed its view that defendant's motion was meritless even though defense counsel had told the court that he had not complied with the requirement of Rule 604(d) that he review a transcript of the guilty plea hearing. See People v. Janes, 158 Ill. 2d 27, 35 (1994). However, defendant's postplea motion was untimely, and the trial court lacked jurisdiction to consider it. Thus, even if defendant is correct that the trial court's opinion regarding the merit of defendant's motion was "formed prematurely," the fact that the trial court lacked jurisdiction to consider the motion in the first place renders this argument irrelevant. For the same reason, we reject defendant's argument that the trial court should have interpreted defendant's motion as a motion to withdraw defendant's guilty plea on the basis of ineffective assistance of counsel and conducted further inquiry.

For the reasons given, we affirm the judgment of the circuit court of Stephenson County.

Affirmed.

GROMETER, P.J., and CALLUM, J., concur.