# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Bailey*, 2012 IL App (2d) 110209

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CHRISTOPHER B. BAILEY, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-11-0209 |
| Filed | December 10, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendant's appeal from the denial of his motion to vacate his guilty plea and sentence for criminal sexual abuse was dismissed, since his motion was untimely, and the State's participation in the proceedings did not revest the trial court with jurisdiction because the State argued against the untimely motion. |
| Decision Under Review | Appeal from the Circuit Court of Du Page County, No. 06-CM-4924; the Hon. William I. Ferguson, Judge, presiding. |
| Judgment | Appeal dismissed. |

Counsel on
Appeal

Thomas A. Lilien and Jaime L. Montgomery, both of State Appellate Defender's Office, of Elgin, for appellant.

Robert B. Berlin, State's Attorney, of Wheaton (Lisa Anne Hoffman, Assistant State's Attorney, and Lawrence M. Bauer and Jay Paul Hoffman, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel      JUSTICE BURKE delivered the judgment of the court, with opinion.
Justice Schostok concurred in the judgment and opinion.
Justice McLaren dissented, with opinion.

## OPINION

¶ 1  On March 14, 2007, defendant, Christopher B. Bailey, entered an open guilty plea to the offense of criminal sexual abuse, and the trial court sentenced him to 300 days, with credit for time served. On October 7, 2010, defendant filed a motion to vacate his plea and sentence as being void. The State filed a response, arguing against the motion, but it did not challenge the timeliness of the motion. The trial court denied the motion on January 28, 2011. Defendant filed a notice of appeal on February 25, 2011, appealing the denial of his motion to vacate his plea and sentence. He raises the following issues: (1) whether the trial court had jurisdiction (and therefore this court has jurisdiction) to rule on his untimely motion to vacate, pursuant to the revestment doctrine, and (2) whether the cause must be remanded for further proceedings on his motion because his trial counsel failed to file a certificate of compliance with Illinois Supreme Court Rule 604(d) (eff. July 1, 2006). The State responds that the trial court was not revested with jurisdiction and thus this court lacks jurisdiction. We agree with the State and dismiss the appeal.

¶ 2            BACKGROUND

¶ 3  The offense to which defendant pled guilty arose from consensual sex between the 17-year-old defendant and his 16-year-old girlfriend. See 720 ILCS 5/12-15(c) (West 2006). The State requested, among other things, that the trial court sentence defendant to two years of sex offender probation and order defendant to undergo a sex offender evaluation, to register as a sex offender, and to submit to HIV and STD testing. After the trial court sentenced defendant, an unidentified speaker, presumably either defense counsel or the prosecutor, asked: "Judge, is there any sentence regarding [sex offender] registration?" The judge replied: "No[,] *** I think my sentence was fair and appropriate based upon what's going

on. He's going to be on mandatory supervised release on the parole anyway." The court then determined that defendant had been incarcerated since September 2006 and stated, "we have plenty of time to *** handle this another way." Defendant acknowledged that he had read a notice of his appeal rights, discussed those rights in great detail with his counsel, understood them, and had no questions about them. Defendant did not file any timely postjudgment motions following sentencing.

¶ 4        On October 7, 2010, more than 3½ years after he was sentenced, defendant filed an untimely motion to vacate his plea and sentence. The motion alleged that his plea and sentence were void because a person convicted of criminal sexual abuse is statutorily required to register as a sex offender, and therefore the court did not have the authority to rule that defendant need not register as a sex offender. See 730 ILCS 150/2(B)(1), 7 (West 2006). Defendant's attorney did not file a certificate of compliance with Rule 604(d) with his motion to vacate the plea and sentence.

¶ 5        The State responded that (1) defendant's sentence was not void, because sex offender registration is mandatory and, because it takes effect by operation of law, it need not be specifically mentioned in sentencing; (2) the trial court did not order that defendant would not have to register as a sex offender; it merely did not mention registration in the sentence; and (3) even if defendant's sentence were void, the proper remedy would be to vacate only the sentence, not the plea. The State did not challenge the timeliness of defendant's motion to vacate, but simply denied that the trial court's admonishment that defendant was not required to register as a sex offender rendered his plea and sentence void.

¶ 6        The trial court denied defendant's motion on January 28, 2011, reasoning that the duties, responsibilities, and obligations of sex offender registration are predetermined by the statute and that the fact that a court does not order compliance as part of a sentence does not mean that the statute has no application. Defendant filed a notice of appeal on February 25, 2011, from the denial of his motion to vacate his plea and sentence. On appeal, defendant contends that the trial court had jurisdiction under the revestment doctrine (and therefore this court has jurisdiction), and that the cause must be remanded for further proceedings on his motion because his trial counsel failed to file a certificate of compliance with Rule 604(d).

¶ 7                                    ANALYSIS
¶ 8                                    Revestment
¶ 9        "The timely filing of a notice of appeal is both jurisdictional and mandatory." *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 213 (2009). Defendant appeals from a judgment entered on a guilty plea, and therefore Rule 604(d) governs the perfection of the appeal. Rule 604(d) requires the filing of a postplea motion within 30 days of the court's imposition of the defendant's sentence. If the postplea motion is denied, the defendant must file a notice of appeal from the judgment within the time set forth by Illinois Supreme Court Rule 606(b) (eff. Sept. 1, 2006), which is measured from the date of entry of the order denying the motion. Rule 606(b) requires that "[e]xcept as provided in Rule 604(d), the notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from or if a motion directed against the

judgment is timely filed, within 30 days after the entry of the order disposing of the motion." Without the filing of a timely notice of appeal, an appellate court is without jurisdiction to entertain an appeal. *People v. Kellerman*, 342 Ill. App. 3d 1019, 1023 (2003).

¶ 10   The trial court sentenced defendant on March 14, 2007. See *People v. Danenberger*, 364 Ill. App. 3d 936, 939 (2006) (final judgment is entered in a criminal case when the defendant is sentenced). Under Rule 604(d), defendant had until April 14, 2007, to file a postplea motion. Thus, defendant's October 7, 2010, postplea motion was untimely. Because defendant's postplea motion was untimely, it did not toll the 30-day postjudgment period for filing a notice of appeal. Pursuant to Rule 606(b), defendant had to file his notice of appeal by April 14, 2007. Therefore, defendant's February 25, 2011, notice of appeal was untimely under Rule 606(b), and we lack jurisdiction.

¶ 11   Defendant concedes that his October 7, 2010, motion to vacate was untimely filed, but he nonetheless contends that the trial court was revested with jurisdiction when it heard argument on his untimely postplea motion. The State maintains that its participation at the hearing, arguing against the postplea motion, did not revest the trial court with jurisdiction.

¶ 12   Absent a timely postplea motion, a trial court loses jurisdiction to vacate or modify its judgment 30 days after entry of the judgment; however, under the revestment doctrine, the parties may revest the trial court with jurisdiction under certain circumstances. *People v. Minniti*, 373 Ill. App. 3d 55, 65 (2007). Revestment occurs when the parties, (1) without objection, (2) actively participate (3) in further proceedings inconsistent with the merits of the prior judgment after the 30-day period has run. *People v. Gibson*, 403 Ill. App. 3d 942, 948 (2010). The State did not object to the timeliness of defendant's postplea motion and actively participated in the hearing on the motion. The issue thus is whether the parties' participation in the proceedings was inconsistent with the merits of the prior judgment.

¶ 13   Defendant argues that the State's participation, without objection, in the hearing on the motion indicated that the State did not view the prior judgment as final and binding and that therefore its participation in the hearing was inconsistent with the merits of the prior judgment. The State concedes that a line of cases from this court supports defendant's position, but it argues that in light of supreme court precedent we incorrectly applied the revestment doctrine. See *People v. Flowers*, 208 Ill. 2d 291 (2003); *People v. Kaeding*, 98 Ill. 2d 237 (1983); *Sears v. Sears*, 85 Ill. 2d 253 (1981). The State argues that under *Flowers* the doctrine does not apply to untimely Rule 604(b) postplea motions. Additionally, the State argues that under *Kaeding* and *Sears* its participation in the hearing on the motion was not inconsistent with the prior judgment, because it advocated that the trial court deny defendant's motion. According to the State, its conduct was consistent with the prior judgment and therefore did not revest the trial court with jurisdiction.

¶ 14   We begin with an historical review of the applicable case law. In *Sears*, the supreme court found untimely a husband's notice of appeal from the denial of his successive postjudgment motion challenging the distribution of marital assets, because the motion was filed more than 30 days after the judgment and the successive motion did not toll the filing period. *Sears*, 85 Ill. 2d at 259. The husband, nevertheless, argued that his notice of appeal was timely because his wife actively participated in the hearing on the second motion and

-4-

thus revested the trial court with jurisdiction at that time. *Sears*, 85 Ill. 2d at 260. The court found the revestment doctrine inapplicable, stating:

> "The hearing on [the husband's] motion did not concern the merits of the judgment; the participants did not ignore the judgment and start to retry the case, thereby implying by their conduct their consent to having the judgment set aside. On the contrary, the hearing was about whether the judgment should be set aside; and [the wife] insisted that it should not. Nothing in the proceedings was inconsistent with the judgment." *Sears*, 85 Ill. 2d at 260.

¶ 15    In *Kaeding*, the supreme court observed that, although it had not had "occasion to apply the revestment doctrine in recent years (*cf. Sears*[, 85 Ill. 2d at 260]), it enjoy[ed] continued vitality in our appellate court." *Kaeding*, 98 Ill. 2d at 241 (citing *Sabatino v. Kozy Kottage Inn, Inc.*, 102 Ill. App. 3d 375, 378 (1981), *Slavick v. Michael Reese Hospital & Medical Center*, 92 Ill. App. 3d 161, 166 (1980), *Halleck v. Trumfio*, 85 Ill. App. 3d 1051, 1055 (1980), and *Faust v. Michael Reese Hospital & Medical Center*, 79 Ill. App. 3d 69, 72-73 (1979)). The court noted that, "[u]nder the narrow terms of that well-established rule, litigants may revest a court which has general jurisdiction over the matter with both personal and subject matter jurisdiction over the particular cause after the 30-day period following final judgment during which post-judgment motions must ordinarily be filed." *Kaeding*, 98 Ill. 2d at 240-41 (citing *Ridgely v. Central Pipe Line Co.*, 409 Ill. 46, 49 (1951), *Brown v. Miner*, 408 Ill. 123, 126 (1951), *Craven v. Craven*, 407 Ill. 252, 255 (1950), *Rossiter v. Soper*, 384 Ill. 47, 59-60 (1943), *Weisguth v. Supreme Tribe of Ben Hur*, 272 Ill. 541, 543 (1916), and *Grand Pacific Hotel Co. v. Pinkerton*, 217 Ill. 61, 83-84 (1905)). In *Kaeding*, our supreme court distinguished *Sears* and held that the doctrine of revestment applied where both parties sought to set aside the previously entered sentencing judgment. *Kaeding*, 98 Ill. 2d at 241 ("the Department's motion specifically attacked the substance of the circuit court's sentencing order").

¶ 16    One year later, in *Archer Daniels Midland Co. v. Barth*, 103 Ill. 2d 536 (1984), our supreme court rejected the application of the doctrine of revestment to the facts of the case. The court concluded that the facts were similar to those in *Sears* and unlike those in *Kaeding*, stating:

> "As in *Sears*, neither the post-judgment proceedings here nor the conduct of the parties was inconsistent with the court's judgment. Plaintiff did not waive or ignore the judgment and attempt to retry the case, and nothing in its conduct implied any hint of willingness to having the judgment set aside. The circuit court was not revested with jurisdiction, and the fact the court ultimately ruled on the post-judgment motion is inconsequential." *Barth*, 103 Ill. 2d at 540.

¶ 17    None of the cases cited above specifically addressed the revestment doctrine's applicability to untimely postplea motions under Rule 604(d). However, in *People v. Flowers*, 208 Ill. 2d 291, 303 (2003), the supreme court seemed to cast doubt on the viability of the revestment doctrine. See Kristopher N. Classen, *The Revestment Doctrine: Alive and Well or on its Last Legs?*, 100 Ill. B.J. 94 (2012). In *Flowers*, the defendant filed an untimely Rule 604(d) motion to reconsider her sentence over one year after the trial court had

announced it, and the State did not object that the court lacked jurisdiction to hear the motion. Shortly after the trial court rejected the motion, the defendant filed a notice of appeal. *Flowers*, 208 Ill. 2d at 297. The supreme court observed that, when the 30-day extension period in Rule 604(d) has expired and the trial court has not extended the limitations period, the trial court is divested of jurisdiction to entertain a defendant's postplea motion under Rule 604(d). *Flowers*, 208 Ill. 2d at 303.

¶ 18    Although the *Flowers* court did not specifically speak of the revestment doctrine, significantly, it did state that the State's failure to raise the fact that the trial court had lost its jurisdiction did not give the trial court the authority to proceed on the motion. *Flowers*, 208 Ill. 2d at 303. Citing *Toman v. Park Castles Apartment Building Corp.*, 375 Ill. 293, 302 (1940), the court explained that "[l]ack of subject matter jurisdiction is not subject to waiver [citation] and cannot be cured through consent of the parties [citation]." *Flowers*, 208 Ill. 2d at 303. The court noted that, because the trial court's jurisdiction had long passed, "[t]he *only* continuing power the circuit court possessed over the case was limited to enforcement of the judgment or correction of clerical errors or matters of form so that the record conformed to the judgment actually rendered." (Emphasis added.) *Flowers*, 208 Ill. 2d at 306-07.

¶ 19    In *People v. Price*, 364 Ill. App. 3d 543, 546 (2006), the defendant filed a motion to withdraw his guilty plea 36 days after his sentence had been imposed and, without argument from the State, the trial court dismissed the motion for lack of jurisdiction. The defendant argued on appeal that the trial court had been revested with jurisdiction because the State failed to object on jurisdictional grounds. We noted the rationales offered to justify the revestment doctrine, and we questioned whether the supreme court in *Flowers* had abrogated the doctrine by rejecting the argument that a lack of jurisdiction to consider an untimely motion could be cured by waiver or consent. *Price*, 364 Ill. App. 3d at 546-47. We further noted the supreme court's decision in *Herrington v. McCollum*, 73 Ill. 476 (1874), which seemed to apply the doctrine to cure a defect in personal jurisdiction, not subject matter jurisdiction. However, we left open the question of whether, and to what extent, the revestment doctrine survived the supreme court's decision in *Flowers*, because the facts of the case, where the State had not actively participated in arguing the merits of the defendant's motion, did not require a definitive assessment of the doctrine's viability. *Price*, 364 Ill. App. 3d at 547.

¶ 20    Following *Flowers* and *Price*, our decisions in *People v. Montiel*, 365 Ill. App. 3d 601 (2006), and *People v. Minniti*, 373 Ill. App. 3d 55 (2007), defended the doctrine.[1] In *Montiel*,

---

[1]We note that defendant cites to *People v. Watkins*, 325 Ill. App. 3d 13, 17 (2001), another case in which this court applied the revestment doctrine to postplea motions filed beyond 30 days. In *Watkins*, neither the trial court nor the State objected to the untimeliness of the Rule 604(d) motion to reduce the sentence, and a full hearing was conducted on the defendant's motions. Because no objection was raised, we concluded that the parties had actively participated in proceedings inconsistent with the merits of the prior judgment, and because the defendant filed his notice of appeal within 30 days from the date of the denial of the motions, this court had jurisdiction to address the appeal. *Watkins*, 325 Ill. App. 3d at 17. However, *Watkins* was decided prior to *Flowers*. Thus, we did not address the continued viability of the revestment doctrine post *Flowers*.

the defendant filed a motion attacking his sentence over two months after it had been announced, but, after conferring, the State agreed to have the court consider the motion. The State also did not raise any objection when the trial court asked both parties for objections to its considering the motion under revestment principles. *Montiel*, 365 Ill. App. 3d at 603-04.

¶ 21 On appeal, the State argued that *Flowers* had abrogated the revestment doctrine. We rejected the argument but never mentioned our decision in *Price*. First, we noted that the principle stated in *Flowers*, that parties cannot waive objections to subject matter jurisdiction, had been in place long before the supreme court's most recent application of the revestment doctrine. *Montiel*, 365 Ill. App. 3d at 604-05. We then acknowledged, however, that decisions accepting the revestment doctrine were "admittedly in tension with *Flowers*." *Montiel*, 365 Ill. App. 3d at 605. We then reconciled *Flowers* on the basis that "it is not *consent* but *active participation* that revests jurisdiction," and the facts in *Montiel*, unlike in *Flowers*, involved active participation. (Emphases in original.) *Montiel*, 365 Ill. App. 3d at 605. We reasoned that the parties actively participated in proceedings inconsistent with the prior judgment because "[b]oth parties participated in proceedings in which the State, by its agreement to a lower sentence, effectively conceded that the previous sentence was higher than necessary to protect the public interest." *Montiel*, 365 Ill. App. 3d at 605.

¶ 22 In applying the revestment doctrine to the case, we noted that *Flowers* used language similar to that in *Toman*, 375 Ill. at 302, which was decided before the supreme court's application of the revestment doctrine in *Kaeding*, 98 Ill. 2d at 241. *Montiel*, 365 Ill. App. 3d at 605. We pointed out that the *Flowers* court gave no indication that the State actively participated in the consideration of the defendant's motion (see *Flowers*, 208 Ill. 2d at 297), and therefore the court had no reason to believe that the conditions for revestment were met. *Montiel*, 365 Ill. App. 3d at 605. Thus, we concluded that the revestment doctrine still existed. *Montiel*, 365 Ill. App. 3d at 605. We did not explain, however, how consent would differ from active participation or why a party's active participation could cure a problem with subject matter jurisdiction without violating *Flowers* if consent could not. See Classen, *supra*, at 96.

¶ 23 We are aware that in *People v. Gargani*, 371 Ill. App. 3d 729, 732 (2007), this court rejected an identical argument made by the State that revestment did not apply because, in the subsequent proceedings, the State maintained its original position that the defendant's sentence was proper. We held that the State, by not objecting to the postjudgment motion on timeliness grounds and by arguing that the sentence was proper, still made a "tacit acknowledgment that the prior proceedings should be revisited." *Gargani*, 371 Ill. App. 3d at 732. We quoted *Kaeding* for the general proposition that the doctrine of revestment applies when " 'the parties *** actively participate without objection in proceedings which are inconsistent with the merits of the prior judgment.' " *Gargani*, 371 Ill. App. 3d at 731 (quoting *Kaeding*, 98 Ill. 2d at 241). We neglected, however, to address the factual distinction between *Kaeding*, where both parties sought to set aside the prior judgment, and *Sears* and *Barth*, where, like in *Gargani*, the active participation involved argument that the prior judgment should stand.

¶ 24 We addressed revestment again shortly thereafter in *Minniti*. There, the defendant was

sentenced on November 30, 2004, but he waited until January 7, 2005, to file a motion to reconsider the sentence. *Minniti*, 373 Ill. App. 3d at 64. The State indicated that it did not object to the trial court's considering the late filing and argued on the merits of the motion. The trial court denied the motion, and the defendant filed an immediate notice of appeal. *Minniti*, 373 Ill. App. 3d at 64.

¶ 25 On appeal, the State maintained that the defendant's notice of appeal was untimely because the late motion to reconsider the sentence did not toll the time for seeking an appeal from the original sentencing order. The defendant responded that the trial court had been revested with jurisdiction.

¶ 26 We noted that *Price* stated that revestment allows parties to waive problems with a court's subject matter jurisdiction but conflicts with the rule in *Flowers* that lack of subject matter jurisdiction is not subject to waiver and cannot be cured by consent. *Minniti*, 373 Ill. App. 3d at 66. We echoed our rationale in *Montiel* that the supreme court had employed the revestment doctrine even after articulating the rule in *Flowers*. *Minniti*, 373 Ill. App. 3d at 66. However, we did not mention our acknowledgment in *Montiel* that, even if revestment and the *Flowers* rule coexisted, they were in conflict.

¶ 27 We further observed that the supreme court decision on which the doctrine seems to be based actually applied it only to personal, not subject matter, jurisdiction but that, since the original case, revestment "has repeatedly been interpreted" to repair problems with subject matter jurisdiction as well as personal jurisdiction. *Minniti*, 373 Ill. App. 3d at 66. As such, we agreed with our conclusion in *Montiel*, that revestment could be reconciled with *Flowers* "because 'it is not *consent* but *active participation* that revests jurisdiction.' " (Emphases in original.) *Minniti*, 373 Ill. App. 3d at 66 (quoting *Montiel*, 365 Ill. App. 3d at 605). Thus, we again applied revestment where the State actively participated in the hearing on an untimely postjudgment motion by arguing that the motion should be denied. Accord *People v. Cardona*, 2012 IL App (2d) 100542, ¶ 30, *appeal allowed*, No. 114076 (Ill. May 30, 2012) (table) (by participating in and arguing on the merits at the hearing on the motion to reconsider, the State acted as though it did not view the prior judgment as binding, revesting the court with jurisdiction); *Gibson*, 403 Ill. App. 3d at 948.

¶ 28 In *People v. Zoph*, 381 Ill. App. 3d 435, 450 (2008), citing *Gargani* and *Minniti*, and noting that "this court has consistently maintained that the adverse party's active participation in a proceeding that is inconsistent with the merits of the prior judgment works to revest jurisdiction in the trial court," we held that the revestment doctrine applied where the State did not object to the defendant's motion on timeliness grounds and argued against the merits of the defendant's contentions in the motion. We noted *Price* but followed *Minniti* as the established law of the appellate court. *Zoph*, 381 Ill. App. 3d at 449-50.

¶ 29 Some appellate court decisions that have followed our reasoning include *People v. Lane*, 404 Ill. App. 3d 254, 258-59 (3d Dist. 2010), *People v. Gutman*, 401 Ill. App. 3d 199, 210-11 (1st Dist. 2010), *aff'd in part & rev'd in part*, 2011 IL 110338, and *People v. Lindmark*, 381 Ill. App. 3d 638, 652 (4th Dist. 2008).

¶ 30 The Fourth District Appellate Court, in *People v. Haldorson*, 395 Ill. App. 3d 980, 983 (2009), *appeal denied*, 235 Ill. 2d 596 (2010), rejected our analysis in *Montiel*, noting the

-8-

following significant problems. First, the court observed that *Montiel* overlooked the fact that the *Flowers* decision specifically addressed a Rule 604(d) postplea motion, which is different from other postjudgment motions because the rule has its own 30-day requirement in addition to the 30-day requirement set forth in Rule 606(b). *Haldorson*, 395 Ill. App. 3d at 983-84. The *Haldorson* court noted that, with Rule 604(d), the defendant must file a postjudgment motion, and the correct type of motion, within 30 days of sentencing to preserve appellate review. *Haldorson*, 395 Ill. App. 3d at 984. Second, the court observed that, "[e]ven if an appellate court has jurisdiction, a defendant's failure to file a timely Rule 604(d) motion or the correct Rule 604(d) motion precludes the appellate court from considering the appeal on the merits." *Haldorson*, 395 Ill. App. 3d at 984 (citing *Flowers*, 208 Ill. 2d at 301, and *People v. Foster*, 171 Ill. 2d 469, 471 (1996)). The *Haldorson* court concluded that in such a situation " 'the appellate court must dismiss the appeal [citation], leaving the Post-Conviction Hearing Act [citation] as the defendant's only recourse.' " *Haldorson*, 395 Ill. App. 3d at 984 (quoting *Flowers*, 208 Ill. 2d at 301). Third, the court observed that our supreme court has never recognized anything similar as an exception to revestment to the 30-day language in Rule 604(d); rather, the supreme court has emphasized its requirement of strict compliance with Rule 604(d). *Haldorson*, 395 Ill. App. 3d at 984 (citing *In re William M.*, 206 Ill. 2d 595, 605 (2003)). Fourth, the court pointed out that appellate courts do not have the authority to make exceptions to supreme court rules. *Haldorson*, 395 Ill. App. 3d at 984 (citing *People v. Lyles*, 217 Ill. 2d 210, 216 (2005)). Finally, the court found that our attempt to reconcile *Kaeding* and *Flowers* by stating that "it is not *consent* but *active participation* that revests jurisdiction" (emphases in original) (*Montiel*, 365 Ill. App. 3d at 605) was contrary to real-life experience, as the State rarely chooses not to argue against a defendant's postplea or posttrial motion. *Haldorson*, 395 Ill. App. 3d at 984.

¶ 31    We acknowledge that the supreme court recently revisited the revestment doctrine in *People v. Bannister*, 236 Ill. 2d 1, 10 (2009), where a four-justice majority devoted one sentence to a discussion of revestment and reaffirmed the doctrine by citing *Minniti*. But the majority never mentioned any of the problems surrounding the rule. In their dissent, the three remaining justices cited *Flowers* and *Price*, stating that *Flowers* was "contrary to the revestment doctrine," and they chastised the majority for relying on *Minniti*, a case in which the appellate court struggled to interpret the impact of *Flowers* upon the continued validity of the revestment doctrine. *Bannister*, 236 Ill. 2d at 22-25 (Freeman, J., dissenting, joined by Kilbride, C.J., and Burke, J.).

¶ 32    Accordingly, based on *Bannister*, we cannot say that revestment would never apply to untimely Rule 604(d) postplea motions. But without further elucidation from the supreme court, we find Justice Kapala's dissent in *Minniti* illuminating, wherein he explained:

> "In this case, I do not believe that the trial court was revested with jurisdiction, because although the State did not object to the trial court hearing the untimely postjudgment motion, the proceedings were not, as the revestment doctrine requires, inconsistent with the merits of the prior judgment ***. Rather, the issue at the proceedings on defendant's untimely postjudgment motion to reconsider sentence was whether the trial court should vacate the sentence and conduct a new sentencing hearing,

which would result in a new judgment. The State argued that the sentence was appropriate and should remain intact. These proceedings were not inconsistent with the merits of the prior judgment." *Minniti*, 373 Ill. App. 3d at 76 (Kapala, J., dissenting).

¶ 33 We agree with the dissent in *Minniti*. We believe that many appellate court opinions, including our own, have strayed from application of the revestment doctrine as exemplified by our supreme court. In order to be inconsistent with a prior judgment, proceedings must involve the parties' agreement that the prior judgment is somehow unjust or improper. See *Minniti*, 373 Ill. App. 3d at 75-76 (Kapala, J., dissenting); see also *Kaeding*, 98 Ill. 2d at 241 (holding that revestment applied where both parties sought to set aside the prior judgment); *Montiel*, 365 Ill. App. 3d at 605 (holding that the revestment doctrine was appropriate when both the defendant and the State agreed that the defendant's sentence should be reduced). But *cf. People v. Miraglia*, 323 Ill. App. 3d 199, 206 (2001) (holding that, in light of the State's repeated objections, revestment did not apply and noting that "the parties did not ignore the judgment, start to retry the case, and imply by their conduct that they consented to having the judgment set aside. Rather, the proceedings were adversarial in nature and concerned whether the judgment should be set aside" (citing *Sears*, 85 Ill. 2d at 260)). Participating by arguing against a postplea motion is not inconsistent with the prior judgment and does not function to revest the trial court with jurisdiction. To the extent that we improperly applied the doctrine of revestment in other cases, those cases are erroneous and should not be followed.

¶ 34 In sum, defendant failed to file a timely postplea motion from the sentencing judgment and the trial court was not revested with jurisdiction because the State argued against defendant's untimely motion. Therefore, defendant's notice of appeal was untimely and did not confer jurisdiction on this court. Accordingly, we must dismiss the appeal.

¶ 35                                   Rule 604(d) Certificate

¶ 36 Defendant contends that, because his trial counsel did not file a certificate of compliance with Rule 604(d) in conjunction with the motion to vacate his plea and sentence, this court must reverse the denial of that motion and remand the cause for strict compliance with Rule 604(d). Because we find that we have no jurisdiction to reach the merits of this case, we must dismiss defendant's appeal without reaching the merits of this claim.

¶ 37 The trial court would have had jurisdiction to hear defendant's untimely motion only if the motion were considered a collateral attack on a void judgment. A void order may be attacked at any time or in any court either directly or collaterally. *Flowers*, 208 Ill. 2d at 308 (citing *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 103 (2002)). Defendant's motion did not refer to Rule 604(d), but it did rely on the proposition that a void judgment may be attacked at any time in any court. In light of the holding in *Flowers*, we cannot offer relief even from a void judgment if we do not have jurisdiction, because, absent jurisdiction, an order directed at the void judgment would itself be void and of no effect. *Flowers*, 208 Ill. 2d at 308.

¶ 38 To the extent that defendant's attack on the judgment was an untimely collateral attack under section 2-1401 of the Code of Civil Procedure (735 ILCS 5//2-1401 (West 2010)), or

-10-

the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2010)), the State has forfeited any objection to its untimeliness by failing to raise that objection. However, defense counsel is not required to file a Rule 604(d) certificate in a collateral proceeding, so defendant's only argument for reversal necessarily fails. See *In re Justin L.V.*, 377 Ill. App. 3d 1073, 1087-88 (2007).

¶ 39                                    CONCLUSION

¶ 40        For the reasons stated, we dismiss defendant's appeal.

¶ 41        Appeal dismissed.

¶ 42        JUSTICE McLAREN, dissenting.

¶ 43        I respectfully dissent, as I believe that the majority has not properly determined what the revestment doctrine entails and has failed to apply the correct interpretation of the doctrine. The majority relates, "The State did not challenge the timeliness of defendant's motion to vacate, but simply denied that the trial court's admonishment that defendant was not required to register as a sex offender rendered his plea and sentence void." *Supra* ¶ 5. The majority sets forth the elements of the doctrine thusly: "Revestment occurs when the parties, (1) without objection, (2) actively participate (3) in further proceedings inconsistent with the merits of the prior judgment after the 30-day period has run. *People v. Gibson*, 403 Ill. App. 3d 942, 948 (2010)." *Supra* ¶ 12.

¶ 44        The majority determines that the first two elements were proven. It questions whether and finally determines that the third element was not proven, based upon prior precedent consisting of several cases that not only are factually distinguishable but are also misconstrued.[2] These three cases are *Sears*, *Barth*, and *Kaeding*. The majority characterizes the issue on appeal as "whether the parties' participation in the proceedings was inconsistent with the merits of the prior judgment." *Supra* ¶ 12. I submit that the State's failure to object to the untimeliness of the motion to vacate meant that it was addressing the merits of the motion and was proceeding in contravention to the obvious merit of the finality of the judgment.

¶ 45        In order to understand the application of the revestment doctrine, it would be beneficial to relate what it does not apply to. Revestment is the nominalization of the verb "revest." "Revest" means to reinstate or to place again; to restore to a previous effective state. Merriam-Webster Online Dictionary, *available at* http://www.merriam-webster.com/dictionary/revest (last visited Oct. 31, 2012). Thus, by definition, it does not apply to situations where jurisdiction in the trial court has never been lost.

---

[2]Justice Kapala's dissent in *Minniti* points out that timely subsequent postjudgment motions would not affect the trial court's jurisdiction but would affect the appellate court's jurisdiction where no notice of appeal is filed within 30 days of the denial of the *first* postjudgment motion. *Minniti*, 373 Ill. App. 3d at 75 (Kapala, J., dissenting).

¶ 46 Curiously, the majority cites to two supreme court cases for the proposition that revestment did not arise here. The majority quotes from *Sears* to establish the benchmark for revestment in the trial court:

> " 'The hearing on [the husband's] motion did not concern the merits of the judgment; the participants did not ignore the judgment and start to retry the case, thereby implying by their conduct their consent to having the judgment set aside. On the contrary, the hearing was about whether the judgment should be set aside; and [the wife] insisted that it should not. Nothing in the proceedings was inconsistent with the judgment.' *Sears*, 85 Ill. 2d at 260." *Supra* ¶ 14.

¶ 47 The problem with citing to *Sears* as authority relevant to the revestment doctrine is that the trial court in *Sears* never lost jurisdiction such that jurisdiction could, would, or should be revested, restored, or reinstated. All of the subsequent postjudgment motions in *Sears* were filed while the trial court entertained its original jurisdiction. The parties' feeble attempt to claim revestment should have been met with a determination that revestment was not implicated because jurisdiction was never lost and the motions were all timely (but did not stay the time to appeal). The reference to *Sears* serves little, if any, purpose in defining revestment because, assuming, *arguendo*, that the parties in *Sears* came before the trial court and said that they agreed to revestment, it could not arise because jurisdiction in the trial court was never lost!

¶ 48 Likewise, in *Barth* jurisdiction was never lost, so revestment could not possibly have been realized. In *Barth*, the defendant filed a motion to reconsider *prior* to the entry of the judgment that it was attacking. *Barth*, 103 Ill. 2d at 537-38. Because the motion was filed *prior* to the entry of judgment, it could *not* be deemed a *post*judgment motion. Because it was *not* a *post*judgment motion, it could not stay the running of the time to appeal. *Id.* at 538. The revestment doctrine was implicated as an attempt to revitalize the appeal. The *pre*judgment motion was filed within 30 days of the final judgment and, thus, the trial court never lost jurisdiction to consider and rule on it. However, the motion was incapable of effecting a stay of the time to appeal. Again, revestment was raised as a means to revitalize the appeal. The supreme court should have pointed out that revestment was not implicated because the trial court never lost jurisdiction to rule on the timely filed motion. Moreover, revestment is a principle involving the trial court. It is not a means to stay the time to appeal or to resurrect an untimely appeal.[3] Citing to *Barth* for authority is misconceived, as jurisdiction, not having been lost, was not capable of being revested.

¶ 49 The majority also analyzes *Kaeding*, claiming that it established that revestment applied where both parties sought to set aside the prior judgment. *Supra* ¶ 15. However, the holding in *Kaeding* is not as narrow as the majority determines. The majority claims that, in *Gargani*, this court improperly referenced *Kaeding*: "We neglected, however, to address the factual distinction between *Kaeding*, where both parties sought to set aside the prior judgment, and

---

[3]See *In re Marriage of Agustsson*, 223 Ill. App. 3d 510 (1992), for a discussion of the differences between trial court and appellate court jurisdiction regarding successive motions directed at judgments and filed before the trial court loses original jurisdiction.

*Sears* and *Barth*, where, like *Gargani*, the active participation involved argument that the prior judgment should stand." *Supra* ¶ 23.

¶ 50    To be factually precise, it should be noted that the parties in *Kaeding* sought to vacate *different* portions of a judgment. The supreme court pointed out that the defendant did *not* object in the trial court to the revisitation of the portion of the judgment that he was not attempting to vacate or amend; because the defendant did not object to the State's attempt to affect a portion of the judgment to which he *now* objected, it was too late. *Kaeding*, 98 Ill. 2d at 241.

¶ 51    The majority fails to comprehend the difference between arguing that the judgment should remain intact because it is correct and arguing that the judgment should remain intact because it is final and not reviewable. If merely agreeing to vacate different portions of a judgment was the *sine qua non*, then there was no reason for the supreme court's comment that the defendant could or should have objected. What the supreme court essentially said was, if a party does not object to the revisitation that the opponent desires, then that party is agreeing to revestment for failure to raise untimeliness and the concomitant lack of jurisdiction to review the merits of the prior judgment.

¶ 52    The majority fails to recognize that one, if not the major, merit of a final judgment is that it is final. As such, there is no need to argue that the judgment is proper, correct, just, fair, sound, etc. All that is needed is to raise its finality and to object to revisiting the judgment. According to the comment in *Kaeding*, all the defendant had to do was object on the basis of finality. Likewise, that is all that the State had to do here. It did not do so. It addressed and revisited the merits and, in derogation of one substantial merit of the judgment, its finality. The revestment doctrine does not require that the State or any particular party stand on finality alone in order to prevent revestment, but it does require a party to raise the issues of untimeliness and the trial court's lack of jurisdiction in order to prevent revestment from occurring. The responding party needs to indicate that it is objecting on the basis of a substantial, if not the greatest, merit of the final judgment, its finality. Terms of art are not required, but there must be an indication that the judgment is final and that the party objects to treating the judgment as if it were capable of revisitation and alteration, regardless of whether it was correctly decided.

¶ 53    In *Bannister*, the supreme court majority cited to *Minniti* approvingly, as follows:

> "Under the revestment doctrine, litigants may revest a trial court with personal and subject matter jurisdiction, after the 30-day period following final judgment, if they actively participate in proceedings that are inconsistent with the merits of the prior judgment. See *People v. Minniti*, 373 Ill. App. 3d 55, 65 (2007), citing *People v. Kaeding*, 98 Ill. 2d 237, 240-41(1983); *People v. Henry*, 329 Ill. App. 3d 397, 403 (2001)." *Bannister*, 236 Ill. 2d at 10.

¶ 54    *Minniti* set forth the elements of the revestment doctrine thusly: "Revestment applies when the parties (1) actively participate without objection (2) in further proceedings that are inconsistent with the merits of the prior judgment. [Citations.]" *Minniti*, 373 Ill. App. 3d at 65. As pointed out by the record in this case, the State actively participated in the hearing on defendant's motion to vacate without objection. Also, the proceedings were inconsistent with

-13-

the merits of the prior judgment on two levels. First, the proceedings did include arguments that were inconsistent with the merits of the prior judgment and relief was sought. The State even presented an alternate form of relief (vacation of the sentence only, not vacation of the guilty plea, should defendant be granted relief). *Supra* ¶ 5. Second, the fact that briefing was ordered and a hearing was held on defendant's motion is inconsistent with the finality of the sentencing order. Unfortunately, the majority has decided to adopt the reasoning of the dissent in *Minniti*[4] rather than this court's majority holding in that case, which was cited with approval by our supreme court in *Bannister.*

¶ 55      For these reasons I dissent.[5]

---

[4]The dissent in *Minniti* failed to recognize that jurisdiction was never lost in *Sears* despite its observance that, while a successive posttrial motion does not divest the trial court of original jurisdiction, it does not stay the time to appeal once the first motion is denied. See *Minniti*, 373 Ill. App. 3d at 76 (Kapala, J., dissenting).

[5]I am aware that our supreme court has accepted for review this court's decision in *People v. Cardona*, 2012 IL App (2d) 100542, *appeal allowed*, No. 114076 (May 30, 2012). Perhaps the court might now distinguish *Sears* and *Barth* as having nothing to do with revestment. Perhaps the court will also clarify that it meant that it is the failure to object to the untimeliness of the proceedings that makes a party's participation in the proceedings inconsistent with the merit(s) of the judgment.

-14-