# Illinois Official Reports

## Appellate Court

*People v. Shaw*, 2014 IL App (2d) 121105

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. KRISTEN SHAW, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-12-1105 |
| Filed | March 26, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Although defendant was admonished that she had 30 days after her sentence to file a notice of appeal or a motion to reconsider her sentence or her right to appeal would be lost, she still filed a motion to reconsider her sentence 34 days after she was sentenced, and at the hearing on the motion, it was denied by the trial court following the prosecutor's statement that the State had no argument, and when defendant appealed, the appellate court held that it only had jurisdiction to vacate the denial of the motion and order the motion dismissed, since the motion was untimely and the revestment doctrine did not apply in the absence of any contest of the motion by the State that would revest the trial court with jurisdiction; furthermore, defendant's notice of appeal was late because the motion to reconsider did not extend the time to appeal. |
| Decision Under Review | Appeal from the Circuit Court of De Kalb County, No. 11-CF-417; the Hon. Robbin J. Stuckert, Judge, presiding. |
| Judgment | Order vacated; motion dismissed. |

Counsel on
Appeal

Thomas A. Lilien and Jessica Wynne Arizo, both of State Appellate Defender's Office, of Elgin, for appellant.

Richard H. Schmack, State's Attorney, of Sycamore (Lawrence M. Bauer and Marshall M. Stevens, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE ZENOFF delivered the judgment of the court, with opinion. Justices Jorgensen and Birkett concurred in the judgment and opinion.

**OPINION**

¶ 1    After a bench trial, defendant, Kristen Shaw, was convicted of aggravated domestic battery (720 ILCS 5/12-3.3(a-5) (West 2010)). On July 20, 2012, she was sentenced to three years' probation. Pursuant to Illinois Supreme Court Rule 605(a)(3) (eff. Oct. 1, 2001), the trial court admonished her that she had 30 days to file a notice of appeal or a motion to reconsider the sentence; "[i]f that notice of appeal or motion to reconsider is not filed within 30 days of today's date, you will lose the right to appeal." Defendant filed a motion to reconsider, but not until August 23, 2012, 34 days after sentencing. On October 4, 2012, at the hearing on the motion, the assistant State's Attorney said simply, "I don't have any argument." The trial court denied the motion on the merits. That same day, defendant filed a notice of appeal. On appeal, defendant argues that she was not proven guilty beyond a reasonable doubt. However, under the supreme court's recent decision in *People v. Bailey*, 2014 IL 115459, we hold that we have jurisdiction only to vacate the trial court's denial of defendant's motion and to order the motion dismissed.

¶ 2    As always, "[o]ur first task is to determine whether we have jurisdiction to consider this appeal." *Allianz Insurance Co. v. Guidant Corp.*, 355 Ill. App. 3d 721, 728 (2005). In her jurisdictional statement, defendant acknowledges that she did not file a notice of appeal or a motion to reconsider within 30 days after sentencing, and she appears to acknowledge that thus, ordinarily, we would lack jurisdiction. See Ill. S. Ct. R. 606(b) (eff. Mar. 20, 2009); *People v. Stanford*, 2011 IL App (2d) 090420, ¶ 19. However, she asserts that "the trial court had jurisdiction to consider the motion under the doctrine of revestment where the parties actively participated in proceedings and where the State did not object to the [un]timeliness of the motion and participated in the motion hearing." She concludes that, "[b]ecause the notice of appeal was filed within 30 days of the denial of the motion to reconsider sentence, jurisdiction should be found to lie in this Court."

¶ 3    "[A]n appeal is perfected by the timely filing of a notice of appeal, and it is this step which vests the appellate court with jurisdiction." *In re J.T.*, 221 Ill. 2d 338, 346 (2006). Under Illinois Supreme Court Rule 606(b) (eff. Mar. 20, 2009), a notice of appeal is timely if it is filed

"within 30 days after the entry of the final judgment appealed from or[,] if a motion directed against the judgment is timely filed, within 30 days after the entry of the order disposing of the motion." The final judgment in a criminal case is the sentence. *People v. Caballero*, 102 Ill. 2d 23, 51 (1984). "To be timely, a motion directed against the judgment of sentence must be filed within 30 days of entry of the judgment." *Stanford*, 2011 IL App (2d) 090420, ¶ 19. Generally, if no motion directed against the judgment is filed within that time, the trial court loses jurisdiction. See *People v. Flowers*, 208 Ill. 2d 291, 303 (2003). That is, the trial court lacks jurisdiction of a late motion directed against the judgment, and, because the motion is late, it does not extend the time to appeal.

¶ 4    The revestment doctrine provides an exception. As the supreme court originally described it, that doctrine provides that the trial court is revested with jurisdiction if the parties "actively participate without objection in proceedings which are inconsistent with the merits of the prior judgment." *People v. Kaeding*, 98 Ill. 2d 237, 241 (1983). Further, if the trial court is revested with jurisdiction of a late motion directed against the judgment, the motion extends the time to appeal, such that a notice of appeal filed within 30 days after the ruling on the motion will vest the appellate court with jurisdiction. See *People v. MacArthur*, 313 Ill. App. 3d 864, 868 (2000).

¶ 5    Thus, here, defendant rightly asserts that, if the trial court was revested with jurisdiction of her late motion to reconsider her sentence, we have jurisdiction of her appeal. However, she wrongly asserts that the trial court was revested with jurisdiction of her motion.

¶ 6    Until recently, this court consistently held that revestment occurred if the State contested the merits of a late motion without objecting to the motion's lateness. For example, in *People v. Zoph*, 381 Ill. App. 3d 435 (2008), the defendant filed a motion to reconsider his sentence 32 days after sentencing. *Id.* at 450. At the hearing, the State "did not object to the untimeliness of the motion"; instead, it "provided express argument directed against the merits of defendant's contentions in his motion." *Id.* We held that the State thus had "actively participated without objection in a proceeding that was inconsistent with the merits of the prior judgment, thereby revesting the trial court with jurisdiction." *Id.* Further, "defendant's notice of appeal, filed within 30 days of the ruling on his motion to reconsider, vests this court with jurisdiction over defendant's appeal." *Id.*

¶ 7    Here, it is questionable whether *Zoph* would apply, even if *Zoph* were still good law. Although the State did not object to the untimeliness of defendant's motion, it also did not provide "express argument directed against the merits of defendant's contentions" (*id.*). Thus, it is questionable whether the State "actively participate[d]" in the proceedings (*Kaeding*, 98 Ill. 2d at 241). In any event, though, *Zoph* is no longer good law.

¶ 8    In *People v. Bailey*, 2012 IL App (2d) 110209 (*Bailey I*), this court took a different view of the revestment doctrine. There, the defendant filed a motion to vacate his guilty plea and his sentence more than three years after sentencing. *Id.* ¶ 4. The State "did not challenge the timeliness of defendant's motion," instead contesting its merits. *Id.* ¶ 5. We held that cases such as *Zoph* had "strayed from application of the revestment doctrine as exemplified by our supreme court." *Id.* ¶ 33. The State's attack on the merits of a late motion directed against the judgment–and thus its defense of the merits of the judgment itself–is not "inconsistent with the merits of the prior judgment" (*Kaeding*, 98 Ill. 2d at 241). See *Bailey I*, 2012 IL App (2d) 110209, ¶ 33. "In order to be inconsistent with a prior judgment, proceedings must involve the parties' agreement that the prior judgment is somehow unjust or improper." *Id.* Having taken

that view, we noted that, although the State did not object to the untimeliness of the defendant's motion, it did not agree with the motion's merits. Thus, we concluded that revestment did not occur. *Id.*

¶ 9     We then dismissed the defendant's appeal for lack of jurisdiction. Having quoted Rule 606(b) (*id.* ¶ 9), we held that, because the defendant's motion was late, and because revestment did not occur, "defendant's notice of appeal was untimely and did not confer jurisdiction on this court" (*id.* ¶ 34). "Accordingly, we must dismiss the appeal." *Id.*

¶ 10     On further appeal, the supreme court held that we "correctly concluded that revestment did not occur." *Bailey*, 2014 IL 115459, ¶ 1 (*Bailey II*). The court confirmed that, "for the revestment doctrine to apply, *both* parties must: (1) actively participate in the proceedings; (2) fail to object to the untimeliness of the late filing; *and* (3) assert positions that make the proceedings inconsistent with the merits of the prior judgment and support the setting aside of at least part of that judgment." (Emphases in original.) *Id.* ¶ 25. The court then held that, because "both parties did not assert positions that were inconsistent with the merits of the prior judgment, the criteria for application of the revestment doctrine were not met. Consequently, the trial court was not revested with jurisdiction to hear the merits of defendant's motion and should, instead, have dismissed the motion for lack of jurisdiction." *Id.* ¶ 27.

¶ 11     Here, as noted, it is questionable whether the State actively participated in the proceedings. In any event, although it did not object to the untimeliness of defendant's motion, it clearly did not "support the setting aside of at least part of that judgment" (*id.* ¶ 25). Thus, revestment did not occur.

¶ 12     Per our decision in *Bailey I*, we would dismiss defendant's appeal. We would hold that, because defendant's motion was late, and because revestment did not occur, the motion did not extend the time to appeal. We thus would conclude that defendant's notice of appeal was late too and did not confer us with jurisdiction.

¶ 13     However, the supreme court's decision in *Bailey II* precludes us from doing so. Although the court agreed with our conclusion on revestment, it rejected our assessment of our jurisdiction. It stated as follows:

        "The appellate court concluded that it lacked appellate jurisdiction and dismissed the appeal on jurisdictional grounds because the trial court did not have jurisdiction to consider the merits of defendant's motion. What the appellate court failed to recognize is that dismissing an appeal effectively leaves the lower court's ruling on the merits undisturbed and intact. Here, that is not the appropriate outcome. Because the trial court lacked jurisdiction, its ruling on the merits of the motion was void. [Citation.] Its judgment should have been vacated and defendant's motion dismissed." *Id.* ¶ 28.

It further explained:

        "Although it is true that an appellate court has no authority to address the substantive merits of a judgment entered by a trial court without jurisdiction [citations], that does not mean that the appellate court has no jurisdiction at all. If that were the case, the appellate court would have no means of exercising the authority conferred on it by law to review, recognize, and correct any action that exceeded the trial court's jurisdiction. Illinois courts have held that a trial court's lack of jurisdiction is not a complete bar to the exercise of jurisdiction by the appellate court. Rather, in those cases, the appellate court is limited to considering the issue of jurisdiction below.

[Citations.] Accordingly, the appellate court in this case did not need to dismiss the appeal. After concluding that the trial court lacked jurisdiction to address the merits of defendant's motion to vacate, it should have vacated the trial court's judgment and ordered that defendant's motion be dismissed." *Id.* ¶ 29.

¶ 14       Here, of course, we follow the supreme court's mandate, vacating the trial court's denial of defendant's motion and ordering the motion dismissed. However, we note that we do so in the absence of a notice of appeal that was timely under Rule 606(b). Indeed, it was that absence that was the crux of our dismissal in *Bailey I*: because the trial court lacked jurisdiction of the defendant's motion, the motion did not extend the time to appeal and thus, under Rule 606(b), the defendant's notice of appeal was late. In *Bailey II*, the supreme court did not hold that the basis for our jurisdiction was that the defendant's notice of appeal was timely under that rule. Any such holding would seem unsustainable; clearly, the defendant did not file his notice of appeal within 30 days after either the final judgment of sentence or the ruling on a timely (or revesting) motion directed against that judgment. Thus, instead, the court held that the basis for our jurisdiction was that the trial court's ruling on the motion was void, granting us the "limited" jurisdiction to vacate that ruling. *Id.* Although ordinarily our jurisdiction requires "the timely filing of a notice of appeal" (*J.T.*, 221 Ill. 2d at 346), this "limited" jurisdiction does not.

¶ 15       In light of *Bailey II*, because the trial court was not revested with jurisdiction of defendant's untimely motion to reconsider her sentence, we vacate the ruling on that motion and dismiss it. Because we otherwise lack jurisdiction of this appeal, we do not address her argument that she was not proven guilty beyond a reasonable doubt.

¶ 16       Order vacated; motion dismissed.