No. 2--08--0113    Filed: 2-4-09

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| GUSTAVO BACA, | ) | Appeal from the Circuit Court |
| | ) | of Lake County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 07--AR--901 |
| | ) | |
| ARMANDO TREJO, | ) | Honorable |
| | ) | Valerie Boettle Ceckowski, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE JORGENSEN delivered the opinion of the court:

Defendant, Armando Trejo, appeals from the grant of default judgment against him and in favor of plaintiff, Gustavo Baca. The only issue is the timeliness of defendant's motion to vacate the default, which he sent via UPS on the thirtieth day after the court entered the judgment, but which the court received on the thirty-fifth day. Defendant asserts that a mailbox rule applies to his consignment of the motion to UPS, making its filing timely. We disagree. As defendant's motion was untimely, his notice of appeal was also untimely. We therefore dismiss his appeal.

On August 10, 2007, plaintiff sued defendant on a promissory note. An attorney for defendant appeared on September 17, 2007, but did not file an answer or otherwise respond. On October 22, 2007, the court entered a default against defendant and entered a judgment for $18,000 in favor of plaintiff.

Defendant filed a motion to vacate under section 2--1301(e) of the Code of Civil Procedure (Code) (735 ILCS 5/2--1301(e) (West 2006)). The certificate of service of the motion states:

> "I, the undersigned attorney, certify that I served the above addressee with a copy of this Notice and the Defendant's Motion to Vacate Default Judgment by causing the same to be placed in the U.S. Mail, first class postage prepaid, before the hour of 4:30 p.m. on this 21st day of November, 2007."

November 21, 2007, was the Wednesday before Thanksgiving. The clerk file-stamped the motion on November 26, 2007, the Monday after Thanksgiving. The motion simply stated that defendant's failure to answer had been inadvertent and asked the court to vacate the default.

Plaintiff responded, asserting that, because defendant had filed nothing until more than 30 days after the entry of the judgment, the court could vacate the judgment only under section 2--1401 of the Code (735 ILCS 5/2--1401 (West 2006)). He further asserted that defendant had not met the standards for a successful section 2--1401 petition.

Defendant replied that the motion had been timely because it "was delivered to the carrier for delivery to the Court on the 30th day following the entry of the default judgment." Contrary to his certificate of service, he further stated that the document "was sent *** via UPS overnight delivery service." He provided a copy of the UPS tracking log.

On January 7, 2008, the court ruled that the motion was untimely because the court had not received it within 30 days of the judgment nor had defendant delivered it to the post office within those 30 days. Defendant filed his notice of appeal on February 6, 2008.

On appeal, defendant argues only that his postjudgment motion was timely because the time of consigning a document to UPS for delivery should count as the time of filing, just as the time of

consignment to the United States mail would. As this is a question of law, our review is de novo. Tolve v. Ogden Chrysler Plymouth, Inc., 324 Ill. App. 3d 485, 492 (2001). Defendant asserts that the trial court relied on the holding in Clark v. TAP Pharmaceutical Products, Inc., 331 Ill. App. 3d 628 (2002), a decision that the supreme court has vacated (Clark v. TAP Pharmaceutical Products, Inc., 201 Ill. 2d 562 (2002)).[1] However, the record shows no such reliance. Plaintiff has not filed an appellate brief; however, we note that this appeal is amenable to decision on the merits under the principles of First Capitol Mortgage Corp. v. Talandis Construction Corp., 63 Ill. 2d 128, 133 (1976).

We hold that the trial court was correct to decide that defendant's motion was not constructively filed as of the time he consigned it to UPS for delivery. Although we agree that the motion would have been timely had defendant consigned it to the United States mail on the thirtieth day after the judgment, such a mailbox rule does not apply to consignment of a motion to a private carrier.

The application of a mailbox rule to the filing of postjudgment motions is not the result of any statute or formal rule of court; courts have applied it by analogy to Supreme Court Rules 11 (145 Ill. 2d R. 11), 12 (145 Ill. 2d R. 12), and 373 (155 Ill. 2d R. 373) and section 1.25 of the Statute on Statutes (5 ILCS 70/1.25 (West 2006)). Those sources do not favor the application of a mailbox rule to documents consigned to private carriers. We first review those provisions that are the source of

---

[1]Because the supreme court vacated the decision, it does not appear in the permanent version of the official reporter; at the page cited, the reporter merely has a note explaining the decision's removal.

the analogy and then examine how courts have used them to decide the applicability of a mailbox rule to the filing of postjudgment motions.

Rules 11 and 12 set default requirements for service. Rule 11(b)(3) provides that an acceptable method of service for papers is to "deposit[] them in a United States post office or post-office box *** with postage fully prepaid." 145 Ill. 2d R. 11(b)(3). Rule 12(c) provides that "[s]ervice by mail is complete four days after mailing." 145 Ill. 2d R. 12(c).

Rule 373 provides that, when the appellate court receives papers after their due date, their time of filing is the "time of mailing." 155 Ill. 2d R. 373. It further provides that Rule 12(b)(3) governs proof of mailing.

Section 1.25 of the Statute on Statutes provides:

"Unless [a]n Act otherwise specifically provides, any writing of any kind or description required or authorized to be filed with, and any payment of any kind or description required or authorized to be paid to, the State or any political subdivision thereof, by the laws of this State:

(1) if transmitted through the United States mail, shall be deemed filed with or received by the State or political subdivision on the date shown by the post office cancellation mark stamped upon the envelope or other wrapper containing it[.]" 5 ILCS 70/1.25 (West 2006).

This provision, however, does not apply to court documents. Holesinger v. Dubuque Feeder Pig Co., 104 Ill. App. 3d 39, 42 (1982).

Neither these provisions nor any other specifically governs the filing of a postjudgment motion, but we have deemed such a filing to be analogous to the filings covered by these provisions.

In <u>A.S. Schulman Electric Co. v. Village of Fox Lake</u>, 115 Ill. App. 3d 746, 749 (1983), we held that, when a party deposits a posttrial motion in the mail within 30 days of the entry of a judgment, the time of mailing constitutes the time of filing for purposes of the time restrictions imposed by section 2--1203 of the Code (Ill. Rev. Stat. 1981, ch. 110, par. 2--1203 (now 735 ILCS 5/2--1203 (West 2006))).[2]  In other words, we held that a mailbox rule applies to such motions.[3]  In <u>Schulman</u>, we adopted the reasoning of <u>Holesinger</u>, 104 Ill. App. 3d at 42-43 (a Third District case concerning the filing of a notice of appeal), and <u>Department of Conservation v. Baltimore & Ohio R.R. Co.</u>, 103 Ill. App. 3d 417, 421 (1982) (a Fifth District case concerning the circuit court filing of an

---

[2]Although in <u>Schulman</u> we were considering posttrial motions under section 2--1203 of the Code, we can see no basis for making a different rule for postjudgment motions under section 2--1301(e) of the Code (735 ILCS 5/2--1301(e) (West 2006)).

[3]An interdistrict split of authority has existed on the general issue of the applicability of mailbox rules (<u>e.g.</u>, <u>Schulman</u>, 115 Ill. App. 3d at 749); the supreme court resolved the split as to notices of appeal in <u>Harrisburg-Raleigh Airport Authority v. Department of Revenue</u>, 126 Ill. 2d 326, 340-41 (1989), but left open to which other filings its reasoning applied.  (Supreme Court Rule 373 (155 Ill. 2d R. 373), which creates a mailbox rule for appellate court filings, now explicitly covers notices of appeal.)  For the dispute, compare <u>Wilson v. Brant</u>, 374 Ill. App. 3d 306, 313 (2007) (in which a First District panel held that the holding in <u>Harrisburg-Raleigh</u> was limited to notices of appeal), with <u>Board of Trustees of Southern Illinois University v. Department of Human Rights</u>, 190 Ill. App. 3d 644, 647 (1989) (in which a Fifth District panel held that the holding in <u>Harrisburg-Raleigh</u> should apply to most court papers, with the potential exception of initial pleadings).

administrative appeal under the Public Utilities Act). An examination of those cases shows that the courts relied on analogy with Rules 11, 12, and 373 and section 1.25 of the Statute on Statutes.

The Holesinger court concluded that section 1.25 did not apply directly to the filing of a notice of appeal, as the circuit clerk is not the " 'State' or a 'political subdivision thereof.' " Holesinger, 104 Ill. App. 3d at 42. However, it interpreted the section as "evinc[ing] a general policy to equate filing with mailing." Holesinger, 104 Ill. App. 3d at 42. It further concluded that Rules 11 and 12 (which apply to service of papers) and Rule 373 (which, as then written, applied only to papers filed in the appellate court) also did not apply, but reasoned that the rules, taken together, "clearly establishe[d] a policy that favors the time of mailing over actual receipt when the rights of parties are involved." Holesinger, 104 Ill. App. 3d at 43.

The Baltimore & Ohio court looked to section 1.25 (and provisions governing the date of Illinois Commerce Commission (ICC) orders), and not at all to the supreme court rules, to decide the effective filing time for an administrative appeal under the Public Utilities Act. The court noted that, under the Public Utilities Act, the service of an ICC order is complete when the agency mails the order. Baltimore & Ohio, 103 Ill. App. 3d at 421, citing Ill. Rev. Stat. 1979, ch. 111 2/3, par. 70. That rule for the service of the order is like the rule in section 1.25 in that it favors the date of mailing as the date of filing. Thus, adopting a mailbox rule for the filing of administrative appeals furthered consistency in the Public Utilities Act. Baltimore & Ohio, 103 Ill. App. 3d at 421.

A further example, albeit one less directly on point, shows the consistent fashion in which our courts have looked to the rules and section 1.25 to decide the applicability of a mailbox rule. The supreme court, in Harrisburg-Raleigh, used reasoning similar to that in the Holesinger and Baltimore & Ohio decisions to decide the applicability of a mailbox rule to the filing of a notice of

appeal. (The court wrote this opinion before the amendment of Rule 373 to cover the filing of notices of appeal, so the court could not apply that rule directly.) In Harrisburg-Raleigh, which held that a mailbox rule indeed applied to notices of appeal, the supreme court relied primarily on analogy with Rule 373, which it deemed to be the rule most relevant to the filing of a notice of appeal. Harrisburg-Raleigh, 126 Ill. 2d at 341. However, it also deemed relevant the analogy with Rule 11 and section 1.25. Harrisburg-Raleigh, 126 Ill. 2d at 340-41.

Because we came by the mailbox rule for postjudgment motions by analogy to Rules 11, 12, and 373 and section 1.25, the way those provisions treat a document consigned to a private carrier is the way a court should treat a postjudgment motion consigned to a private carrier. Returning to the contents of those provisions, we see that they accept only consignment to the United States mail as triggering a mailbox rule. Section 1.25(1) explicitly says that only the United States mail will do: "[Any writing,] if transmitted through the United States mail, shall be deemed filed with or received *** on the date shown by the post office cancellation mark stamped upon the envelope or other wrapper containing it." 5 ILCS 70/1.25(1) (West 2006). Rule 11, concerning methods of service, is equally clear: the acceptable method of service of papers is to "deposit[] them in a United States post office or post-office box *** with postage fully prepaid." 145 Ill. 2d R. 11(b)(3). Rule 12 is a complement to, and continuation of, Rule 11. Thus, for the sake of consistency, one must read its references to "mailing" as referring to use of the United States mail. Rule 373 says nothing about mailing methods, but does say that proof of service follows Rule 12(b)(3). Consistency again requires reading its reference to "the time of mailing" to refer to use of the United States mail. As none of the relevant provisions are consistent with use of a mailbox rule based on consignment to

a private carrier, we conclude that consignment to a private carrier cannot trigger a mailbox rule for the filing of postjudgment motions.

In further support of this conclusion, we note that we, when deciding the time of filings in this court, use a rule similar to the rule we hold applies to postjudgment motions in the circuit court. Rule 101(b) of the Rules of the Appellate Court, Second District, provides:

"Materials delivered to the Clerk's Office by means other than U.S. mail will be deemed filed as of the time of receipt. Documents delivered to the Clerk's Office by mail will be deemed filed as of the time of their receipt, except that any document received by mail after its due date will be deemed filed as of the date established on the certificate or affidavit of mailing attached to the document pursuant to Supreme Court Rule 373." Rules of the Appellate Court, Second District, R. 101(b), eff. January 8, 2008.

Thus, this court, in circumstances analogous to the sending of a postjudgment motion, has decided that only the use of the United States mail triggers a mailbox rule.

Defendant argues that, because he prefers UPS's article-tracking facilities better than those of the United States mail, policy favors giving consignment to private carriers the same treatment as consignment to the United States mail. We do not agree. The courts should not have the task of deciding which private carriers are acceptable. Further, a party who strongly prefers to use a private carrier can get the benefit of a mailbox rule at low cost. For the price of a copy of the paper and a first-class stamp, he or she may send the original by mail, using the private carrier to send a backup. We see no policy reason to brush aside the consistent practice of the courts applying mailbox rules only to papers sent by United States mail.

Because we hold that the trial court was correct that defendant's postjudgment motion was untimely, we also hold that his notice of appeal was untimely. Supreme Court Rule 303(a)(1) provides:

"The notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from, or, if a timely posttrial motion directed against the judgment is filed, whether in a jury or a nonjury case, within 30 days after the entry of the order disposing of the last pending postjudgment motion directed against that judgment or order ***." (Emphasis added.) Official Reports Advance Sheet No. 8 (April 11, 2007), R. 303(a)(1), eff. May 1, 2007.

Thus, only a timely postjudgment motion extends a party's time for filing a notice of appeal. Defendant filed no timely postjudgment motion and filed his notice of appeal more than 30 days after the entry of the final judgment. His notice of appeal was untimely, so we must dismiss his appeal.

Appeal dismissed.

O'MALLEY and BURKE, JJ., concur.