# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Shatku v. Wal-Mart Stores, Inc.*, 2013 IL App (2d) 120412

---

| | |
|---|---|
| Appellate Court Caption | MYQEREM SHATKU, Plaintiff-Appellant, v. WAL-MART STORES, INC., Defendant-Appellee. |
| District & No. | Second District<br>Docket No. 2-12-0412 |
| Filed | May 10, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Plaintiff's appeal was dismissed for lack of jurisdiction, since the trial court's final judgment was its grant of defendant's motion to dismiss plaintiff's motion to refile her negligence complaint, and plaintiff's motion to reconsider the dismissal did not extend the 30-day deadline for filing her notice of appeal, because the "Proof of Mailing" of that motion showed it was mailed to opposing counsel within 30 days of the final judgment, but there was no mention of when the motion was mailed to the clerk of the court, and defendant's opposition to the motion to reconsider without making a jurisdictional objection did not revest the trial court with jurisdiction. |
| Decision Under Review | Appeal from the Circuit Court of Kane County, No. 09-L-826; the Hon. F. Keith Brown, Judge, presiding. |
| Judgment | Appeal dismissed. |

Counsel on Appeal

Brian R. Porter, of Brian R. Porter Law Offices, of Chicago, for appellant.

James P. Balog, Heather E. Shea, and Elizabeth M. Bartolucci, all of O'Hagan Spencer LLC, of Chicago, for appellee.

Panel

JUSTICE JORGENSEN delivered the judgment of the court, with opinion.
Presiding Justice Burke and Justice Zenoff concurred in the judgment and opinion.

## OPINION

¶ 1        Plaintiff, Myqerem Shatku, appeals following the trial court's denial of her motion to reconsider the dismissal of her "Motion to Refile" her negligence action against defendant, Wal-Mart Stores, Inc. Because plaintiff filed her motion to reconsider more than 30 days after the dismissal, we hold that the motion and the notice of appeal were both late. We reject plaintiff's argument that jurisdiction revested in the trial court as a result of the parties' addressing plaintiff's motion on the merits. In so holding, we follow *Sears v. Sears*, 85 Ill. 2d 253, 260 (1981), over later appellate court cases that broadened the revestment doctrine.

¶ 2                                    I. BACKGROUND

¶ 3        On March 19, 2009, plaintiff filed a negligence complaint against defendant in the Cook County circuit court. Defendant moved for a *forum non conveniens* transfer of the case to Kane County, and the court granted the motion. Defendant then answered. Plaintiff moved pursuant to section 2-1009 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1009 (West 2010)) to dismiss the cause of action voluntarily. The court granted the motion on October 27, 2010, also granting defendant leave to file *instanter* a motion asking the court to involuntarily dismiss the case or bar plaintiff from presenting evidence, as a sanction for noncompliance with discovery. The court required defendant to send plaintiff a copy of the order. On November 1, 2010, "defendant's counsel being present," the court entered an order stating that the hearing was again on plaintiff's section 2-1009 motion to dismiss: the order "dismissed [defendant] as a party from this cause of action" and required "Plaintiff *** to pay Defendant's costs as required by statute."

¶ 4        On October 27, 2011, plaintiff filed a "Motion to Refile," citing sections 2-1301 and 2-1401 of the Code as bases for relief. See 735 ILCS 5/2-1301, 2-1401 (West 2010). Defendant responded with a "Motion to Dismiss" plaintiff's "Motion to Refile." The court, on

December 22, 2011, granted the "Motion to Dismiss."

¶ 5    Plaintiff filed a motion to reconsider; the "Proof of Service" stated that counsel certified that he had mailed and faxed it to "all counsel of record" on January 23, 2012 (a Monday). That paper did not allude to the motion's *filing*. The motion received a "filed" stamp on January 26, 2012. On February 1, 2012, defendant filed a response, addressing the motion entirely on the merits. The court denied the motion on March 6, 2012, addressing it entirely on the merits. The court ruled that, under *Kahle v. John Deere Co.*, 104 Ill. 2d 302, 305 (1984), plaintiff's only option was to refile the case as a new case, and that neither section 2-1301 relief nor section 2-1401 relief was available. Defendant filed a notice of appeal on April 5, 2012.

¶ 6                                                      II. ANALYSIS

¶ 7    On appeal, plaintiff asserts that the trial court erred when it granted her section 2-1009 motion for voluntary dismissal, as defendant was the one that prosecuted the motion. Defendant responds that the court entered the final judgment in this case no later than December 22, 2011. (It holds open the possibility that the true final judgment was the grant of the section 2-1009 motion.) It argues that, after December 22, 2011, plaintiff had no more than 30 days to file a motion to reconsider or a notice of appeal, and that plaintiff filed her motion to reconsider after that deadline. In her reply, plaintiff accepts December 22, 2011, as the date of the final judgment, but argues that she filed her motion to reconsider by fax on January 23, 2012, a Monday and the effective thirtieth day. She attaches to her reply a purported copy of a fax transmission sheet, purportedly showing transmission to the Kane County circuit clerk. The sheet also says that a "hard copy will follow in the mail." In the alternative, plaintiff notes "the complete and utter dearth of any suggestion [by defendant in its response to the motion] or in the [trial court's] 6 page March 6, 2012 Order that plaintiff's Motion for Reconsideration was not filed in a timely manner." In oral argument, she more specifically argued that jurisdiction revested in the trial court with argument on the merits of the motion to reconsider.

¶ 8    We assume here that, consistent with the parties' arguments, the court's final judgment for purposes of this appeal was entered on December 22, 2011. With that assumption, we now explain why plaintiff's motion to reconsider did not extend the time to appeal the dismissal of the "Motion to Refile."

¶ 9    Under Illinois Supreme Court Rule 303(a)(1) (eff. June 4, 2008), only a *timely* motion directed against the judgment extends the time in which to file a notice of appeal. To be timely, absent a proper extension granted by the court, the motion must be filed within 30 days after the entry of the judgment, with the deadline extended to the next business day if the thirtieth day falls on a weekend or court holiday. 5 ILCS 70/1.11 (West 2010); 735 ILCS 5/2-1203(a) (West 2010). Here, the court file-stamped plaintiff's motion to reconsider on January 26, 2012, when the last day to file, adjusted for the weekend, was January 23, 2012.

¶ 10   Under our case law, a postjudgment motion may be deemed filed when it is mailed to the circuit clerk. See *Baca v. Trejo*, 388 Ill. App. 3d 193, 195-96 (2009). Here, however, plaintiff's "Proof of Mailing" shows service on opposing counsel, but says nothing about

mailing to the clerk. See *Baca*, 388 Ill. App. 3d at 197 (requiring, by analogy to Illinois Supreme Court Rule 373 (eff. Feb. 1, 1994), a proof of mailing under Illinois Supreme Court Rule 12(b)(3) (eff. Nov. 15, 1992) for a postjudgment motion received by the clerk after the due date). Moreover, no authority allows us to assume that a party *filed* a document at the same time he or she *served* it. Thus, the mailbox rule does not apply here.

¶ 11 Plaintiff asserts that she filed the motion by fax on January 23, 2011. At least three things are wrong with that assertion. First, plaintiff provides no support for her implication that the clerk may accept documents for filing by fax. We find nothing in state or local rules to support that claim; Illinois Supreme Court Rules 11 and 12 (eff. Dec. 29, 2009) provide for *service* by fax, but not for filing. Second, Rule 12 further provides that service by fax is effective the day *after* transmission, so that, even if the rule applied to filing, the filing would have been a day late. See Ill. S. Ct. R. 12(e) (eff. Dec. 29, 2009). Third, and in any event, the transmission sheet on which plaintiff relies is not part of the record, and so we must discount it. See, *e.g.*, *Ruiz v. Walker*, 386 Ill. App. 3d 1080, 1081 (2008) (a reviewing court should not consider evidence that is not part of the record).

¶ 12 The remaining question is whether defendant's active contesting of the motion to reconsider revested jurisdiction in the trial court, extending the time to appeal despite the motion's untimeliness. See *People v. Minniti*, 373 Ill. App. 3d 55, 67 (2007) ("The defendant's notice of appeal, filed within 30 days after the ruling on his untimely but revested postjudgment motion, vests the appellate court with jurisdiction."). Following *Sears*, we hold that it did not. In *Sears*, the supreme court held that, where "[n]othing in the proceeding was inconsistent with the judgment," in that "the participants did not ignore the judgment and start to retry the case, thereby implying by their conduct their consent to having the judgment set aside," no revestment occurred. *Sears*, 85 Ill. 2d at 260. Consistent with this, we recently held in *People v. Bailey*, 2012 IL App (2d) 110209, ¶ 33, that an adversarial proceeding on the issue of whether the judgment should be set aside does not revest jurisdiction in the trial court, despite a failure by the party opposing the reopening of the judgment to make an issue of the court's lack of jurisdiction. The proceeding at issue here was similar: defendant, though without noting the lack of jurisdiction, actively opposed any reopening of the judgment. See *Sears*, 85 Ill. 2d at 260 ("the hearing was about whether the judgment should be set aside; and Conde insisted it should not"). Thus, the rule in *Sears* and *Bailey* applies here.

¶ 13 In *Bailey*, we noted that appellate courts, in the years after *Sears*, had expanded the revestment doctrine to any circumstance in which a party opposed reopening the judgment without making a jurisdictional objection. *Bailey*, 2012 IL App (2d) 110209, ¶ 33. We noted that such expansion went beyond what the supreme court approved in *Sears* and a similar case, *People v. Kaeding*, 98 Ill. 2d 237, 241 (1983). *Bailey*, 2012 IL App (2d) 110209, ¶ 33. In accord with *Sears* and *Bailey*, we hold here that, when a party opposes a motion to reconsider, a simple failure to note the untimeliness of the motion is not inconsistent with the merits of the judgment and does not cause jurisdiction to revest in the trial court.

¶ 14 A final jurisdictional note is in order. In *Hanson v. De Kalb County State's Attorney's Office*, 391 Ill. App. 3d 902, 906 (2009), we acknowledged a line of cases holding that, in civil cases, "trial and appellate courts *must* treat a filing that is too late to be a postjudgment

-4-

motion as a section 2-1401 petition." (Emphasis added.) If we were to apply that holding here, we would be required to treat plaintiff's motion to reconsider as a section 2-1401 petition, and we would deem timely plaintiff's appeal of the trial court's ruling on that "petition." See Ill. S. Ct. R. 304(b)(3) (eff. Feb. 26, 2010). However, for two reasons, we do not apply it.

¶ 15    First, plaintiff has not requested that we do so. In *Hanson*, the appellants expressly invoked that rule (*Hanson*, 391 Ill. App. 3d at 905), and on that basis we applied it. In doing so, however, we noted that we had not done so in *Baca*, "where the postjudgment motion was untimely and [the] appellant conceded the absence of a section 2-1401 claim." *Hanson*, 391 Ill. App. 3d at 906 n.2. Thus, despite the mandatory language with which the rule is generally stated, our recent decisions reflect that we need not invoke it *sua sponte*.

¶ 16    Second, and more importantly, the supreme court has cast serious doubt on the rule. In *Keener v. City of Herrin*, 235 Ill. 2d 338 (2009), which the supreme court filed shortly after we filed *Hanson*, the plaintiff filed an untimely "Motion to Reconsider." Without even acknowledging the line of cases we cited in *Hanson*, and despite the fact that the "Motion to Reconsider" cited section 2-1401 as a basis for relief, the supreme court refused to deem the ruling on the "Motion" a ruling on a section 2-1401 petition. The supreme court noted that the plaintiff "did not even *attempt*" to satisfy the service requirements for a section 2-1401 petition; that the trial court ruled "before the 30 days to answer [a section 2-1401 petition] had even expired"; that the trial court did not purport to be ruling on a section 2-1401 petition; and that the plaintiff did not attempt to satisfy the section 2-1401 requirement of "proof, by a preponderance of the evidence, of a defense or claim that would have precluded entry of the judgment in the original action and diligence in both discovering the defense or claim and presenting the petition." (Emphasis in original.) *Keener*, 235 Ill. 2d at 348-50. Thus, the supreme court ruled that the plaintiff's appeal had been untimely.

¶ 17    Obviously, *Keener* is at odds with the notion that "trial and appellate courts *must* treat a filing that is too late to be a postjudgment motion as a section 2-1401 petition" (emphasis added) (*Hanson*, 391 Ill. App. 3d at 906). The supreme court did not necessarily preclude such treatment; but it certainly precluded a *requirement* of such treatment in all cases. Thus, we maintain, per *Hanson* and *Baca*, that we need not apply such treatment unless the appellant requests it and demonstrates its appropriateness. As noted, plaintiff has failed to do so here.

¶ 18                                    III. CONCLUSION

¶ 19    Because plaintiff did not file a timely motion directed against the judgment, her notice of appeal was due 30 days after the entry of the judgment. See Ill. S. Ct. R. 303(a)(1) (eff. June 4, 2008). Her notice of appeal thus was untimely, and we must dismiss her appeal for lack of jurisdiction. See *Baca*, 388 Ill. App. 3d at 198-99.

¶ 20    Appeal dismissed.