2019 IL App (2d) 190016-U
No. 2-19-0016
Order filed November 13, 2019

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for Carrington Mortgage Loan Trust Series 2005-NC5 Asset-Backed Pass-Through Certificates, | ) ) ) ) | Appeal from the Circuit Court of McHenry County. |
| Plaintiff-Appellee, | ) ) ) | |
| v. | ) ) | No. 15-CH-1106 |
| MATTHEW HOPPE, a/k/a Matthew B.T. Hoppe, | ) ) ) | |
| Defendant-Appellant | ) ) | |
| (Katherine A. Toth, Katherine A. Toth, as Trustee of the Katherine A. Toth Trust dated February 11, 2003, American Chartered Bank, Unknown Owners and Non-record Claimants, and Unknown Occupants, Defendants). | ) ) ) ) ) ) ) | Honorable Suzanne C. Mangiamele, Judge, Presiding |

JUSTICE SCHOSTOK delivered the judgment of the court.
Presiding Justice Birkett and Justice Burke concurred in the judgment.

**ORDER**

¶ 1    *Held*: Appeal dismissed for lack of jurisdiction, as appellant's motion to reconsider and subsequent notice of appeal were untimely.

¶ 2    The plaintiff, Deutsche Bank National Trust Company, filed a foreclosure suit against the

defendants, Matthew Hoppe, Katherine A. Toth, Katherine A. Toth, as trustee as Trustee of the

Katherine A. Toth Trust dated February 11, 2003, American Chartered Bank, unknown owners and non-record claimants, and unknown occupants. On September 19, 2018, following a judicial sale, the trial court entered an order confirming the sale. Following the denial of his motion to reconsider, Hoppe filed a notice of appeal from the order confirming sale. On appeal, Hoppe argues that he did not receive proper notice of the judicial sale. We dismiss this appeal for lack of jurisdiction.

¶ 3                                    BACKGROUND

¶ 4     On November 20, 2015, Deutsche Bank filed a mortgage foreclosure action on property located at 1393 North Avenue in Crystal Lake after the defendants failed to make monthly payments on the note and mortgage. On February 1, 2016, Attorneys Carlo Palladinetti and Matthew Dorich from the law firm of Palladinetti & Associates, P.C. (Palladinetti), appeared on behalf of Hoppe and filed an answer.

¶ 5     On September 27, 2017, the trial court granted summary judgment in favor of Deutsche Bank and against Hoppe and entered a default order against the remaining defendants. On that same date, a judgment of foreclosure was entered in favor of Deutsche Bank. A judicial sale was scheduled for December 28, 2017. The record indicates that the sale was cancelled because Hoppe had filed a petition for Chapter 13 bankruptcy (11 U.S.C. § 1301 (2016)). The bankruptcy case was later closed, and the judicial sale was rescheduled for May 24, 2018. On April 24, 2018, a notice of sale was served on Palladinetti by regular mail.

¶ 6     On May 24, 2018, Attorney Nicholas Kefalos of Vernor Moran, LLC, filed a notice of limited appearance on behalf of Hoppe and filed an emergency motion to stay the judicial sale of the home. In the emergency motion, Hoppe stated that, as of January 2, 2018, he had a written offer for a short sale but that the short sale was put on hold when he filed for bankruptcy. Now

that his bankruptcy case had closed, he wanted Deutsche Bank to consider the short sale offer. The trial court granted the motion and stayed the sale until after July 18, 2018. The sale was then scheduled for July 19, 2018 and notice of the new sale date was sent to Hoppe's attorney of record, Palladinetti. The property was sold at a foreclosure sale on July 19, 2018, to a third party, Jeffrey Kelley.

¶ 7 On July 26, 2018, Deutsche Bank filed a motion for order approving sale. Hoppe filed a response to the motion, arguing that Deutsche Bank never sent him a written response concerning the short sale as required by statute (735 ILCS 5/15-1401.1(b) (West 2016)). Hoppe also argued that Deutsche Bank did not send him notice of the judicial sale as required under Illinois Supreme Court Rule 113(f) (eff. May 1, 2013). Hoppe requested that the motion for confirmation of sale be denied.

¶ 8 On September 19, 2018, a hearing was held on the motion to approve the foreclosure sale. Deutsche Bank noted that, after his bankruptcy case was closed, Hoppe never resubmitted new paperwork in support of the short sale offer. Hoppe contended that he was not aware of the necessity to provide new paperwork. He further argued that the notice of the foreclosure sale, which was sent prior to the May 24th date, was not sufficient because his attorney, Palladinetti, was disbarred, closed his office, and no longer received mail at the address to which the notice was sent. Following the hearing, the trial court entered an order confirming the sale. The trial court stated that Hoppe should have followed up on his short sale offer and renewed the stay before July 18th. The trial court also found that Hoppe had sufficient notice as he had appeared on his emergency motion to stay the foreclosure sale and was aware that the sale would take place after July 18, 2018.

¶ 9        On October 23, 2018, Hoppe filed a motion to reconsider the confirmation of sale. On December 3, 2018, following a hearing, the trial court denied the motion to reconsider. The trial court found that notice of the planned May 24, 2018, foreclosure sale was sent to Hoppe's attorney of record. The trial court acknowledged that Hoppe's attorney "dropped the ball" and failed to notify anyone when he was disbarred. Nonetheless, Hoppe knew of the sale because he acquired new counsel to file a limited appearance and a motion to stay the sale, which was granted. The trial court found that Rule 113(f) generally applied to defendants in default. The trial court noted that Hoppe was not a defendant in default, received notice under section 15-1507(c) of the Illinois Mortgage Foreclosure Law (Foreclosure Law) (735 ILCS 5/15-1507(c) (West 2014)), and participated in the proceedings. On January 3, 2019, Hoppe filed a timely notice of appeal from the trial court's orders confirming the judicial sale and denying his motion to reconsider. On May 21, 2019, Hoppe filed, in this court, a motion to stay the confirmation of judicial sale pending his appeal. On June 14, 2019, this court denied Hoppe's motion for a stay.

¶ 10                                ANALYSIS

¶ 11       On appeal, Hoppe argues that the trial court erred in confirming the judicial sale because he did not receive adequate notice of the foreclosure sale as required under section 15-1507(c) of the Foreclosure Law (735 ILCS 5/15-1507(c) (West 2014)), and under Rule 113(f).

¶ 12       Although neither of the parties to this appeal has raised the issue of our jurisdiction, a reviewing court has a duty to consider *sua sponte* whether it has jurisdiction and to dismiss an appeal it if lacks jurisdiction. *In re Marriage of Link*, 362 Ill. App. 3d 191, 192 (2005). An appeal is perfected when a timely notice of appeal is filed in the circuit court. Ill. S. Ct. R. 303 (eff. July 1, 2017). Generally, a notice of appeal must be filed within 30 days after the entry of the final judgment appealed from, or, if a timely post-trial motion directed against the judgment is filed,

within 30 days after the entry of the order disposing of the last pending post-trial motion. *Id.* Section 2-1203(a) of the Code of Civil Procedure requires that a post-judgment motion be filed within 30 days of the judgment. 735 ILCS 5/2-1203(a) (West 2012). If a party files a post-judgment motion more than 30 days after the entry of final judgment, the motion will not toll the time for filing a notice of appeal. *In re Application of the County Treasurer*, 214 Ill. 2d 253, 261, (2005); Ill. S. Ct. R. 303. A motion to reconsider judgment falls within the purview of post-judgment motions which must be filed within 30 days after the challenged judgment is entered. *Archer Daniels Midland Co. v. Barth*, 103 Ill. 2d 536, 538 (1984). When a notice of appeal is untimely, this court must dismiss the appeal. *Won v. Grant Park 2, L.L.C.*, 2013 IL App (1st) 122523, ¶ 20.

¶ 13     In the present case, the final judgment confirming the sale was entered on September 19, 2018. The last day to file a timely motion to reconsider would have been on October 19, 2018. The record indicates that Hoppe's motion to reconsider was filed in the clerk's office on October 23, 2018, beyond the 30-day deadline. There is no indication in the record that the trial court properly extended the deadline for filing the motion to reconsider. We acknowledge that a post-judgment motion may be deemed filed when it is mailed to the circuit clerk. *Shatku v. Wal-Mart Stores, Inc.*, 2013 IL App (2d) 120412, ¶ 10. However, for the mailbox rule to apply, a proof of mailing under Illinois Supreme Court Rule 12(b)(3) (eff. July 1, 2017) must be filed with the post-judgment motion. *Id.* The record does not contain a proof of mailing.

¶ 14     The remaining question is whether the revestment doctrine was applicable, thus extending the time to appeal despite the untimeliness of the motion to reconsider. We hold that it was not applicable. "[F]or the revestment doctrine to apply, *both* parties must: (1) actively participate in the proceedings; (2) fail to object to the untimeliness of the late filing; *and* (3) assert positions that

make the proceedings inconsistent with the merits of the prior judgment and support the setting aside of at least part of that judgment." (Emphasis in original.) *People v. Bailey*, 2014 IL 115459, ¶ 25. If any one of those requirements is not met, the doctrine does not revest the court with jurisdiction. *Id.* Here, Deutsche Bank did not support setting aside the order confirming the sale and jurisdiction over the untimely motion to reconsider did not revest in the trial court. *Id.*

¶ 15 Accordingly, the untimely motion to reconsider did not toll the time for filing a notice of appeal from the confirmation order. *County Treasurer*, 214 Ill. 2d at 261. Hoppe's notice of appeal filed on January 3, 2019 was not filed within 30 days of the final judgment, the September 19, 2018 order confirming the sale. As a result, we must dismiss this appeal for lack of jurisdiction. *Won*, 2013 IL App (1st) 122523, ¶ 20.

¶ 16 We further note that, even if we had jurisdiction, we would dismiss this appeal as moot. An appeal is moot if it involves no actual controversy, or the reviewing court cannot grant the complaining party effectual relief. *Steinbrecher v. Steinbrecher*, 197 Ill. 2d 514, 522-23 (2001). Illinois Supreme Court Rule 305(k) (eff. July 1, 2017), provides, in pertinent part, as follows:

> "If a stay is not perfected within the time for filing the notice of appeal * * * the reversal or modification of the judgment does not affect the right, title, or interest of any person who is not a party to the action in or to any real or personal property that is acquired after the judgment becomes final and before the judgment is stayed; nor shall the reversal or modification affect any right of any person who is not a party to the action under or by virtue of any certificate of sale issued pursuant to a sale based on the judgment and before the judgment is stayed. This paragraph applies even if the appellant is a minor or a person under legal disability or under duress at the time the judgment becomes final."

Without a stay, an appeal is moot if the appellant is seeking relief involving the possession or ownership of property that has already been conveyed to a third party who is not a party to the litigation. *Town of Libertyville v. Moran*, 179 Ill. App. 3d 880, 886 (1989).

¶ 17    Rule 305(k) "protects third-party purchasers of property from appellate reversals or modifications of judgments regarding the property, absent a stay of judgment pending the appeal." *Steinbrecher*, 197 Ill. 2d at 523.  Rule 305(k) will apply if: (1) the property passed pursuant to a final judgment; (2) the property's right, title, and interest passed to a person or entity who is not part of the proceeding; and (3) the litigating party did not perfect a stay of the judgment within the time for filing a notice of appeal.  See *id.* at 523-24.

¶ 18    As to the first requirement of Rule 305(k), the property was sold to a third-party purchaser at the foreclosure sale.  Title passed to the third-party purchaser pursuant to final judgment on September 19, 2018, when the trial court entered an order approving the report of sale and distribution.  *Margaretten & Co., Inv. v. Martinez*, 193 Ill. App. 3d 223, 227-28 (1990) (order approving a sale of foreclosed property is a final judgment).

¶ 19    With respect to the second requirement, a "party" is "[o]ne by or against whom a lawsuit is brought."  Black's Law Dictionary 1231-32 (9th ed. 2009).  Further, section 2-401(c) of the Illinois Code of Civil Procedure (735 ILCS 5/2-401(c) (West 2014)) confirms that a "party" to a litigation is either one filing the action (plaintiff) or one required to respond to it (defendant) and requires that the names of the parties must be set forth in all pleadings.  A copy of the report of sale and distribution is contained in the record.  The report of sale indicates that the property was sold at judicial sale to the highest bidder, Jeffrey Kelley, for $131,251.  Based on the foregoing definitions of a "party" and our review of the record, Kelley is not a party to this litigation and the second requirement under Rule 305(k) is satisfied.

¶ 20    Finally, as to the third requirement, the record demonstrates that Hoppe failed to perfect a stay of the judgment within the time allowed for filing a notice of appeal, as required by Rule 305(k).  The mere fact that Hoppe filed a notice of appeal did not automatically stay the foreclosure judgment or the order confirming the sale.  Hoppe did not file a motion to stay in the trial court but did file a motion to stay in this court, which we denied.  However, Hoppe did not file his motion to stay in this court until four months after he filed his notice of appeal.  Accordingly, all three requirements for the application of Rule 305(k) apply, and Hoppe's failure to perfect a stay would preclude us from granting him the relief he seeks.  As such, the instant appeal is also moot.

¶ 21                                        CONCLUSION

¶ 22    For the foregoing reasons, we dismiss this appeal for lack of jurisdiction.

¶ 23    Appeal dismissed.