# Illinois Official Reports

## Appellate Court

---

### *People v. Terefenko*, 2014 IL App (3d) 120850

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JAROSLAW TEREFENKO, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-12-0850 |
| Rule 23 Order filed<br>Motion to publish granted<br>Modified opinion filed upon denial of rehearing | July 24, 2014<br><br>September 12, 2014<br><br><br>September 12, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Where defendant pled guilty to burglary and attempted burglary in exchange for a sentence to TASC probation but was sentenced to 42 months' incarceration after violating his probation, and then he was released to Immigration and Customs Enforcement based on his immigration status and deported before the court held an evidentiary hearing on the postconviction petition he filed, which alleged that his counsel failed to advise him of the immigration consequences of his plea, and the petition was denied, his appeal from the denial of the petition was dismissed for lack of jurisdiction, since defendant knew of the postconviction proceedings that were going on when he was deported, his parents and his counsel appeared at the evidentiary hearing, a notice of appeal was filed late by the appointed appellate defender after a status hearing which was not attended by defendant or his postconviction counsel, and under the circumstances, defendant's lack of communication with the court as to his whereabouts was culpable negligence that amounted to abandoning the petition. |
| Decision Under Review | Appeal from the Circuit Court of Will County, No. 02-CF-1372; the Hon. Sarah F. Jones, Judge, presiding. |

| Judgment | Appeal dismissed. |
|---|---|
| Counsel on Appeal | Kerry J. Bryson, of State Appellate Defender's Office, of Ottawa, for appellant. |
| | James Glasgow, State's Attorney, of Joliet (Thomas D. Arado, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE SCHMIDT delivered the judgment of the court, with opinion. Justice McDade concurred in the judgment and opinion. Justice Carter dissented, with opinion. |

## OPINION

¶ 1 Defendant, Jaroslaw Terefenko, pled guilty to burglary (720 ILCS 5/19-1(a) (West 2002)) and attempted burglary (720 ILCS 5/8-4(a), 19-1(a) (West 2002)) in exchange for a sentence of four years of Treatment Alternatives for Safe Communities (TASC) probation. Defendant violated that probation and was eventually sentenced to 42 months' incarceration. Based on his immigration status, the circuit court ordered defendant released to the custody of Immigration and Customs Enforcement (ICE), which began deportation proceedings.

¶ 2 While in the custody of ICE, defendant filed a petition for postconviction relief, arguing that his due process rights were violated where defense counsel failed to advise him of the immigration consequences of his plea. The circuit court granted the State's motion to dismiss the petition. We reversed that decision on appeal (*People v. Terefenko*, 2011 IL App (3d) 100782-U) and remanded for a third-stage evidentiary hearing. By the time the evidentiary hearing occurred, on July 13, 2012, defendant had been deported to Poland and did not appear; however, new appointed counsel appeared and represented defendant. On August 20, 2012, the circuit court denied the petition.

¶ 3 The court set a status hearing for 30 days after the entry of its judgment denying the petition. Neither defendant nor postconviction counsel appeared. The trial court continued the hearing to the next day, when it entered a written order extending the deadline for posttrial motions until October 4, 2012. On October 4, the court appointed the appellate defender, who filed a notice of appeal on October 5. We dismiss the appeal for lack of jurisdiction.

¶ 4 FACTS

¶ 5 In 2003, defendant, while represented by private counsel, pled guilty to two counts of burglary (720 ILCS 5/19-1(a) (West 2002)) and one count of attempted burglary (720 ILCS 5/8-4(a), 19-1(a) (West 2002)) in exchange for a sentence of four years' TASC probation. In 2007 the State filed a petition to revoke TASC probation, alleging that defendant had

committed two new criminal offenses–driving under the influence and resisting a police officer. Defendant admitted the probation violation and entered into a one-year drug court contract. The State later filed a petition to remove defendant from drug court after he tested positive for cocaine. Defendant entered an admission to the petition to remove. He was sentenced to 42 months' incarceration.

¶ 6    In 2009, defendant, represented by new private counsel, filed a motion to withdraw his plea of guilty to burglary and attempted burglary, alleging that he was never advised of the immigration consequences of his plea. The court found that it lacked jurisdiction to consider the late motion and ordered that defendant be released to the custody of ICE, which began deportation proceedings.

¶ 7    Defendant, represented by the same counsel that represented him on the motion to withdraw, responded by filing a petition under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2010)), arguing that he was not admonished of the immigration consequences of his plea, in violation of the sixth amendment of the United States Constitution (U.S. Const., amend. VI), as outlined in *Padilla v. Kentucky*, 559 U.S. 356 (2010). After allowing defendant to amend his petition, the court granted the State's motion to dismiss. On appeal, we reversed that dismissal and remanded for a third-stage evidentiary hearing. *Terefenko*, 2011 IL App (3d) 100782-U. During the pendency of the appeal, defendant was deported to Poland.

¶ 8    On remand, the trial court discussed with counsel how to proceed with the postconviction hearing in light of defendant's absence. Postconviction counsel investigated whether immigration officials would allow defendant into the country to attend the hearing. Counsel reported back to the court that it was impossible for defendant to be present for the evidentiary hearing. The State responded that defendant need not be present for the hearing. Postconviction counsel, the State, and the court agreed to hold the evidentiary proceedings in defendant's absence. A hearing was conducted on July 13, 2012. Defendant's parents testified at the hearing.

¶ 9    On August 20, 2012, in open court, the court issued a written decision denying the petition. The court found that defense counsel's representation of defendant was neither deficient nor prejudicial. Postconviction counsel was present on behalf of defendant. The court asked counsel if he wanted to appeal. Counsel reserved appeal. The court scheduled a status hearing for September 19, 2012, for counsel to file an appeal, if desired. Postconviction counsel did not appear at that hearing, and the court continued the case to the following day, September 20, 2012.

¶ 10    Postconviction counsel did not appear at the September 20 hearing. The court questioned the circuit clerk and the State about whether defendant had received proper notice of its decision to dismiss the petition, as required by Illinois Supreme Court Rule 651(b) (eff. Apr. 26, 2012):

"THE COURT: Bree [the clerk], in this file there's a certified mail receipt to [defendant] pursuant to [S]upreme [C]ourt [R]ule 651B indicating that date of my order and order was entered.

THE CLERK: Advised Mr. Terefenko he has a right to appeal and also if he couldn't afford a lawyer, one could be provided for him.

[THE STATE]: He is also though, Your Honor, the gentleman who I believe was deported to Poland.

THE COURT: Yes, and he's in Poland so I don't know if it is the habit of the appellate court to send such a notice. I don't know.

[THE STATE]: I didn't think that the clerk did when there was counsel.

THE COURT: How does that work?

THE CLERK: We are told just when it's anything appealable.

THE COURT: I am going to hand this file to you. Take a look at that supreme court rule, and I know you may have matters next door. Come back. No problem. Can you do that for me?

[THE STATE]: Yes.

(Whereupon, the case was passed.)

THE COURT: [Defendant].

[THE STATE]: I did look into [R]ule 651B. It does not appear the notification applies to pro se defendants, and I found a case on Westlaw, although I lost it somewhere between the library and here, that, in fact, suggest[s] that when the defendant is not present on a post conviction matter even if he does have counsel, he is to receive the notification required under [Rule] 651B. That being said, since it's a day past the 30 days, may I suggest in an exercise of caution and prudence to perhaps allow a late notice of appeal to be filed on behalf of [defendant] and perhaps appoint the public defender since it does appear his counsel–

THE COURT: Communicate with–have you communicated with [postconviction counsel]?

[THE STATE]: No, I have not.

THE COURT: Let's do this. I was going to do the same thing to allow the extended time for any post decision plea, motion to reconsider or otherwise so I would extend that time, [assistant State's Attorney], for two weeks for you to contact [postconviction counsel] to communicate with him in writing or by telephone indicating my ruling, and I will need a bit more as to that and to make our record perfectly clear and this will be on my calendar as to status that October 4th. How's that?

[THE STATE]: Thank you."

The court entered a written order extending the deadline for posttrial motions until October 4, 2012.

¶ 11    At a hearing on October 4, defendant's postconviction counsel did not appear. The State informed the court that it had spoken to counsel, and counsel would not be filing any posttrial motions or a notice of appeal. The court stated:

"Okay. So here's the–pursuant to Supreme Court Rule, the clerk sent to [defendant's] last known address his rights of appeal. He has been deported to Poland. I don't know if I am required to just go ahead and appoint the appellate defender? Because I don't know what [defendant] wants to do. I am at a loss."

- 4 -

Defendant's last known address was 35 Austrian Drive in Romeoville, Illinois.[1] The court appointed the appellate defender to file a notice of appeal on defendant's behalf. Notice of appeal was filed in the circuit court on October 5, 2012. The notice stated that the appeal was being taken from the court's denial of defendant's postconviction petition, which the notice alleged occurred on both September 21, 2010, and August 20, 2012.

¶ 12    Defendant appeals the circuit court's denial of his petition for postconviction relief.

¶ 13                                    ANALYSIS

¶ 14    Our first task is to determine whether we have jurisdiction to consider this appeal. *People v. Shaw*, 2014 IL App (2d) 121105. The State argues that we lack jurisdiction to hear the present appeal because defendant's notice of appeal was filed in the circuit court more than 30 days after final judgment was entered. Defendant argues that we have jurisdiction because the circuit court extended the 30-day deadline or, alternatively, that defendant's late filing may be excused because the circuit court failed to notify defendant of his right to appeal under Illinois Supreme Court Rule 651(b) (eff. Apr. 26, 2012). We agree with the State.

¶ 15    Appeals from postconviction proceedings are governed by the criminal appeals rules, as near as possible. Ill. S. Ct. R. 651(d) (eff. Apr. 26, 2012). Illinois Supreme Court Rule 606(b) (eff. Mar. 20, 2009) requires:

> "[T]he notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from or if a motion directed against the judgment is timely filed, within 30 days after the entry of the order disposing of the motion."

Generally, if no motion directed against the judgment is filed within 30 days, the trial court loses jurisdiction. *People v. Bailey*, 2012 IL App (2d) 110209, ¶ 12. The timely filing of a notice of appeal is required to vest the appellate court with jurisdiction. *In re J.T.*, 221 Ill. 2d 338, 346 (2006). In the present case, the final judgment denying defendant's petition was entered on August 20, 2012. The deadline for filing a notice of appeal or postjudgment motion was September 19, 2012. No notice of appeal or postjudgment motion was filed by September 19, 2012. The only postjudgment filing was defendant's notice of appeal filed October 5, 2012.

¶ 16    Defendant argues that his October 5 notice of appeal was timely because the trial court extended the time for postjudgment filings. Defendant argues that on September 19, 2012, the circuit court extended the deadline for filing postjudgment motions until September 20, 2012. On that date, the court again extended the deadline until October 4, 2012, when it ordered the appellate defender to file a notice of appeal. Notice of appeal was eventually filed on October 5, 2012.

¶ 17    The following is the entirety of the proceedings held on September 19, 2012:

> "THE COURT: 02 CF 1372, People versus Jaroslaw Terefenko, J-a-r-o-s-l-a-w, T-e-r-e-f-e-n-k-o. This is 02 CF 1372. I will put it on the call tomorrow. I don't know if counsel was going to file a notice of appeal in regards to my decision. [The assistant State's Attorney] has been involved in it. So I will put it on tomorrow for that purpose."

---

[1]Defendant's bail bond sheet from his arrest in 2002 is signed by defendant's father, Orest Terefenko; on the sheet, Orest also lists his address as 35 Austrian Drive, Romeoville, Illinois.

Defendant argues that those statements by the circuit court were sufficient to properly extend the 30-day deadline for filing postjudgment motions or a notice of appeal. We disagree.

¶ 18    The only case cited by defendant for the proposition that the circuit court may extend the deadline for filing postjudgment motions in a criminal proceeding or a proceeding under the Act is *People v. Church*, 334 Ill. App. 3d 607 (2002), which involved a defendant's appeal from a guilty plea. The *Church* court held that "[a] trial court has the inherent authority, upon proper application and showing of good cause, to grant an extension of time for filing a motion to reconsider sentence or a motion to withdraw guilty plea." *Id*. at 614.

¶ 19    Even assuming, *arguendo*, that the holding of *Church* applies to proceedings under the Act, the requirements of *Church* were not met in the present case. On September 19, 2012, the court was not faced with a proper application from defendant establishing good cause for granting an extension of time. Neither defendant nor counsel had made any application for an extension. The implication from the lack of any filings was that defendant did not wish to challenge the court's denial of his petition.

¶ 20    Nor did the court's language explicitly authorize an extension for filing a notice of appeal. The court stated, "I don't know if counsel was going to file a notice of appeal in regards to my decision. [The assistant State's Attorney] has been involved in it. So I will put it on tomorrow for that purpose." Even if the court had the authority to extend the deadline, the language it used was not explicit enough to grant an extension.

¶ 21    In the alternative, defendant argues that this court retains jurisdiction, despite the late filing of the notice of appeal, because the circuit court failed to send defendant notice of his right to appeal, as required by Illinois Supreme Court Rule 651(b) (eff. Apr. 26, 2012). In the present case, the clerk sent notice under Rule 651(b) to defendant's last known address in Romeoville, Illinois. Defendant, however, argues that sending notice to his last known address was insufficient here, where the court was aware that defendant had been deported to Poland and no longer resided at the Romeoville address. As a result of the failure to comply with Rule 651(b), defendant argues, this court must treat defendant's untimely notice of appeal as a petition for leave to file a late notice of appeal and must also allow the filing of that late notice of appeal. See *People v. Fikara*, 345 Ill. App. 3d 144, 158 (2003). We conclude that the clerk complied with Rule 651(b); therefore, defendant's argument fails.

¶ 22    Rule 651(b) requires that "[u]pon the entry of a judgment adverse to a petitioner in a post-conviction proceeding, the clerk of the trial court shall at once mail or deliver to the petitioner a notice" informing him that (1) the court has entered an order disposing of his petition, and (2) he has the right to appeal that decision. Ill. S. Ct. R. 651(b) (eff. Apr. 26, 2012).

¶ 23    In the present case, the clerk "at once mail[ed]" notice to defendant containing the information required by Rule 651(b). That notice was mailed to the defendant's last known address. As the initiator of these postconviction proceedings, defendant had a responsibility to shepherd–or at least pay attention to–the proceedings. It was defendant's responsibility to inform the court of a new address in Poland, not the court's to seek it out from roughly 4,500 miles away. This case is distinguishable from *Fikara*, 345 Ill. App. 3d 144, where the clerk sent *no* notice under Rule 651(b). The court and clerk in the present case did as much as they could to notify defendant of his right to appeal. If defendant was interested in continuing to pursue the litigation he started, he was obliged to keep the court informed of his whereabouts.

¶ 24　　Defendant was aware that his postconviction proceedings were ongoing at the time he was deported. Postconviction counsel appeared in court along with defendant's parents, who apparently lived at the Romeoville address where notice was sent. If defendant was truly interested in the outcome of the proceedings, he could have contacted the court, his attorney, or his parents. In fact, he may have done just that–it is telling that defendant does not argue that he failed to receive *actual* notice of the court's decision and his right to appeal. Here, any ignorance on the part of defendant was self-imposed.

¶ 25　　The practical realities of the present situation reveal the insensibility of defendant's argument. Defendant's deportation presented the court and clerk with three options: (1) mail the Rule 651(b) notice to defendant's last known address; (2) seek out a new address for defendant; or (3) hold open the proceedings indefinitely until defendant contacted the clerk with a new address. The second option is untenable: defendant, as the instigator of the present litigation, had the responsibility to inform the court of his location. And the third option flies in the face of the great importance we place on finality in our judicial system. Defendant gave the court no choice but to mail the notice to his last known address and bring some finality to these proceedings.

¶ 26　　Illinois Supreme Court Rule 606(c) (eff. Mar. 20, 2009) allows for the filing of a late notice of appeal upon "reasonable excuse" or where the failure to file a timely notice of appeal was not the result of defendant's "culpable negligence." Here, defendant has no reasonable excuse for failing to keep the court informed of his whereabouts. His lack of communication with the court was culpable negligence. He should have kept the court informed; instead, he abandoned the litigation. He is not entitled to file a late notice of appeal.

¶ 27　　Defendant was required to file a notice of appeal by September 19, 2012. Because he did not, the circuit court lost jurisdiction over the cause on that day, and the October 5 notice of appeal was a nullity. Without a timely filed notice of appeal, we lack jurisdiction to consider the present appeal.

¶ 28　　　　　　　　　　　　　　　　　CONCLUSION

¶ 29　　For the foregoing reasons, we dismiss the appeal.

¶ 30　　Appeal dismissed.

¶ 31　　JUSTICE CARTER, dissenting.

¶ 32　　I respectfully dissent from the majority's decision to dismiss this appeal. I would hold that we have jurisdiction in this case and, upon consideration of the merits, that the circuit court properly denied the defendant's postconviction petition.

¶ 33　　I believe that under *Church* and the cases cited therein, we have jurisdiction to hear this appeal. As the majority states, in *Church*, the court held that "[a] trial court has the inherent authority, upon proper application and showing of good cause, to grant an extension of time for filing a motion to reconsider sentence or a motion to withdraw guilty plea." *Church*, 334 Ill. App. 3d at 614. In this case, the circuit court continued the case for one day on September 19, 2012, which was the date of expiration for filing a posttrial motion or a notice of appeal. The following day, the court ordered an extension of the time to file a posttrial motion to October 4, 2012, on which date the court appointed the appellate defender. A notice of appeal was filed on

October 5, 2012. While there was no formal "proper application and showing of good cause" (*Church*, 334 Ill. App. 3d at 614), the court was concerned about the defendant's absence due to deportation and whether he received notice of the court's judgment under Illinois Supreme Court Rule 651(b) (eff. Apr. 26, 2012), so the court extended the time within which the defendant could file a posttrial motion anyway. I believe that the court had the inherent authority to do so under *Church*. See *Church*, 334 Ill. App. 3d at 614. Under the circumstances of this case–given the extension, the continuances, and the deportation–I respectfully disagree with the majority that the defendant's notice of appeal was untimely.

¶ 34 Because I would hold that we have jurisdiction, I would address the merits of the defendant's argument that the circuit court erred when it denied his postconviction petition. In his amended postconviction petition, the defendant alleged that his attorney was ineffective for failing to give the defendant proper advice regarding the immigration consequences of pleading guilty. At the third-stage evidentiary hearing, the defendant's father and mother both testified that they met with trial counsel, with the defendant present, and trial counsel told them that the defendant was "legal" and they had nothing to worry about in terms of immigration consequences. Trial counsel testified that when he met with the defendant and the defendant's parents, they discussed the details of the case, which included that the defendant had confessed to the offenses and that the four individuals who were with the defendant at the time of the offenses all had implicated the defendant. Trial counsel told them that there would be a very small chance of prevailing if the case went to trial, so he discussed with them the possibility of probation under Treatment Alternatives for Safe Communities (TASC), which is the outcome trial counsel ultimately negotiated for the defendant.[2] Trial counsel also testified that he did in fact discuss immigration consequences with the defendant and the defendant's parents, although trial counsel could not recall specifically what he said. Trial counsel testified that "I would never tell any client facing any immigration issue that a felony conviction would not result in any kind of issue for his immigration status." Further, trial counsel stated:

"What I believe I told [the defendant] is the same that I tell other clients that are facing immigration issues. And that is that I'm not an immigration attorney. I don't know exactly what would happen as a result of the felony conviction.

However, I tell them that a felony conviction will have negative consequences for your immigration status, and if you want more information, you should talk to an immigration attorney."

In the circuit court's order that denied the defendant's petition, the court stated:

"[Trial counsel] indicated that the extent of his knowledge of immigration law is that a felony conviction could have a negative impact on one's status in the US, and that an immigration lawyer should be consulted for more detailed advice. That advice was both correct and prudent. He testified that he had discussed with the Terefenkos the petitioner's immigration status prior to the plea of guilty."

The import of this statement is that the court found trial counsel's testimony to be more credible than the defendant's parents' testimony with regard to what was said at that meeting.

---

[2]The circuit court noted in its decision that the defendant failed to complete his TASC probation, which would have resulted in the conviction being vacated. Subsequently, the defendant failed to complete "drug court," which would have resulted in dismissal via *nolle prosequi*.

- 8 -

¶ 35     My review of the record in this case and the applicable law indicates that the circuit court's denial of the defendant's petition should be affirmed. First, I note that *Padilla*, 559 U.S. 356, does not apply retroactively. *Chaidez v. United States*, 568 U.S. ___, ___, 133 S. Ct. 1103, 1113 (2013). Thus, the law in effect at the time of this case treated immigration consequences as collateral to a guilty plea. *People v. Williams*, 188 Ill. 2d 365, 372 (1999). Further, whether trial counsel's assistance was objectively unreasonable, under the first prong of *Strickland v. Washington*, 466 U.S. 668, 687 (1984), with regard to the collateral consequence of immigration status depended on whether counsel failed to inform the defendant (*People v. Huante*, 143 Ill. 2d 61, 71-72 (1991)) or whether counsel gave the defendant erroneous advice (*People v. Correa*, 108 Ill. 2d 541, 553 (1985)). See *People v. Manning*, 227 Ill. 2d 403, 421 (2008). Here, the question is the latter. The circuit court found trial counsel's testimony to be more credible, and I find no basis in the record for us to disturb that finding. See *People v. Ortiz*, 385 Ill. App. 3d 1, 6 (2008) (holding that "[b]ecause the postconviction trial judge is in the best position to observe and weigh the credibility of witnesses testifying at an evidentiary hearing, his findings of fact will not be overturned unless those findings are manifestly erroneous"). Given, then, that trial counsel told the defendant and his parents that a felony conviction could have a negative impact on the defendant's immigration status and that they should consult an immigration attorney if they wanted more information, I would hold under *Correa* and its progeny that trial counsel did not provide erroneous advice and therefore did not render ineffective assistance of counsel.

¶ 36     For the foregoing reasons, I respectfully dissent. I would hold that we have jurisdiction and that the case should be affirmed on the merits.